## McManus *v.* Finan.

Section 1778 of the Code, was designed to prevent the unjust determination of a cause, on account of an accidental or inadvertent omission of a party to call a witness, or to ask a question on some given point; and was not intended to be limited in its application, to the period of examining witnesses.

The privilege of calling a witness, after the evidence is closed, to prove a fact which has been omitted by inadvertence, is within the discretion and control of the court, as are also the terms to be imposed, if any are deemed just.

Where in an action of trespass, charging the cattle of the defendant with breaking into the plaintiff's close and destroying his crops, the court, after defining a lawful fence, instructed the jury, that whether the fence was a lawful fence, and a good one, was in the *discretion* of the jury; *Held*, That the word discretion, in its proper sense, implies judgment; and that used in this sense, the instruction was correct.

Where in such an action, the court instructed the jury, that "no man has the right to suffer to run at large, animals of a dangerous kind either to the person or property of another, and if he does, he is responsible for all damages which result from the acts of such animals;" *Held*, That there could be no possible objection to the instruction.

Where in such an action, the defendant asked the court to charge the jury as follows: "That if the jury believe from the testimony, that the domestic animals of other persons beside those of defendant, were in the habit of trespassing on the premises, at the times set forth in the petition, they cannot find that the defendant's domestic animals did all the damage to the premises," which instruction the court refused to give; *Held*, That the instruction involved a question of fact, and was properly refused.

Where in such an action, the defendant asked the court to instruct the jury as follows: "That the jury must be satisfied from the testimony, what amount of damages the defendant's animals have done, before they can find for the plaintiff," which instruction was refused; *Held*, That the instruction was properly refused.

Where in an action of trespass, charging the cattle of defendant with breaking into the close of plaintiff, and destroying his crops, the defendant filed a motion for a new trial, for the reason, among others, that he had discovered new evidence, which motion was supported by the affidavit of the defendant, in which he stated, that he had been informed, and believed, that he could prove by A. M., that A. M. owned a cow that was exceedingly bad about breaking down fences; that said cow was running at large in the prairie at the time the trespass complained of was committed; and that A. M. afterwards sold said cow, because of her frequent trespasses in breaking into various persons' inclosures; that he (defendant) has been informed,

and believes he can prove, by one P. M., that he was growing a crop in the same inclosure, when the trespasses complained of were committed; and that while at work in the early part of the season, when the cattle first began to get into said inclosure, the fence was first thrown down, and the cattle first led in by the said cow; that he is informed he can prove this last fact, by one J. W.; that the said witnesses reside at a distance from court, and he has not had time, nor been able, to procure their affidavits to file with the motion; that he was entirely taken by surprise by the evidence of the plaintiff, that the fence was thrown down by his cattle, and should have been prepared to show that his cattle were not unruly, and accustomed to break over ordinary lawful fences; and that he expected to be able to prove all the above matters on another trial—which motion for a new trial was overruled by the court; *Held,* That the motion was properly overruled.

### Appeal from the Madison District Court.

THIS was an action brought to recover damages for the defendant's cattle breaking into the plaintiff's close, and destroying his crops. On the trial, after the plaintiff had closed his evidence, and had concluded his opening argument, and the defendant also had addressed the jury, the plaintiff moved for leave to introduce a witness, to prove that the land where the damage was done was that described in the petition, which he claimed had been omitted through an oversight. The defendant objected, but the court allowed it. The defendant then introduced a witness to rebut the testimony so offered, and was allowed to, and did make further argument to the jury with regard to that portion of the case upon which such new evidence had been offered. On the submission of the cause, the court instructed the jury, in substance, as follows: That they should inquire whether the land was substantially described, and whether the plaintiff had possession; and that "the plaintiff claims that his crop was destroyed by defendant's cattle. It is important that you determine whether the crop was destroyed by defendant's cattle; whether plaintiff's fence was a lawful fence, four and a half feet high, with spaces sufficiently close; was the fence four and a half feet high, and such as is generally, in this country, recognized as a good fence? This is a matter entirely in your discretion. You will then

McManus v. Finan.

inquire whether defendant's cattle broke into plaintiff's field and destroyed his crop; and if you find that the fence was such an one as comes within the meaning of the law, and such an one as is recognized as a good common fence in the country, and the defendant's cattle broke through the inclosure, the defendant is liable for all the damages resulting from such breach. In such case, it was the duty of the defendant to keep his cattle up, and not suffer them to run at large to the danger of his neighbor's property; and if property was destroyed, he is responsible. No man has the right to suffer to run at large, animals of a dangerous kind, either to the person or property of another; and if he does, he is responsible for all damages which result from the acts of such animals. But if the fence was not a reasonable one, such as would be calculated to protect the property, the crop, and the loss was the consequence of the negligence of plaintiff, and that with ordinary care and prudence, he could have protected the crops, it was his duty to do so; and if he failed to do so, and the fence was such as the custom of the country and the law would not recognize as a lawful fence, he would not be entitled to recover; the loss would be a consequence of his own negligence and fault."

To these instructions, so far as they relate to the fence and the unruliness of the cattle, the defendant excepted. The defendant further requested the court to instruct the jury: 1. " That if they believe, from the testimony, that the domestic animals of other persons, besides those of the defendant, were in the habit of trespassing on the premises, and at the times set forth in the petition, they could not find that the defendant's animals did all the damage to the premises." 2. " That the jury must be satisfied, from the testimony, what amount of damage the defendant's animals have done, before they can find for the plaintiff." These instructions were refused, and the defendant excepted. He then moved for a new trial upon the ground, (beside others,) of newly discovered evidence, and filed an affidavit, stating that since the trial he has been informed, and he believes that he can prove, by one Allen Major, that he owned a

cow which was exceedingly bad about knocking and break-
ing down fences, and that the said cow was running at large
in the prairie at the time the trespasses complained of were
commenced; and that said Major afterwards sold said cow,
because of her frequent trespasses in breaking in various
persons' inclosures. And, farther, that he has been informed,
and believes he can prove, by one Patrick McDuffie, that
he was growing a crop in the same inclosure, when the tres-
passes complained of were committed, and that while at
work, in the early part of the season, when the cattle first
began to get into said inclosure, the fence was first thrown
down by the said cow, and the cattle were first led in
by the said cow; and that he is informed that he can
prove this last fact by one John Welch; and that the said
witnesses reside at a distance from the court, and he has
not had time, nor been able to procure their affidavits to file
with this motion. He further states, that he was taken en-
tirely by surprise by the evidence of the plaintiff, that the
fence was thrown down by [his] cattle, and should have
been prepared to show that his cattle were not unruly, and
were not accustomed to break over ordinary lawful fences;
and that he expected to be able to prove all the above mat-
ters on another trial. This motion was overruled. Judg-
ment having been rendered against him, the defendant
appeals, and the following are assigned as error:

1. In permitting the plaintiff to introduce a witness after
the defendant had closed his argument.

2. In refusing the first instruction asked by the de-
fendant.

3. In refusing the second instruction asked by the de-
fendant.

4. In instructing the jury that whether the plaintiff's
fence was a lawful one, and such as is recognized in this
country as a good fence, was entirely in their discretion.

5. In instructing the jury that no man has a right to suf-
fer to run at large, animals of a dangerous kind, either to
the person or the property of another.

6. In overruling the motion for a new trial.

*M. L. McPherson*, for the appellant.

*Curtis Bates*, for the appellee.

WOODWARD, J.—The first error assigned relates to the admission of the witness, after the defendant had closed his argument. Section 1778 of the Code was designed to prevent the unjust determination of a cause, on account of an accidental or inadvertent omission of a party to call a witness, or to ask a question, to some point. It was not intended to be limited in its application to the period of examining witnesses. For this, a statutory provision would not have been thought requisite. The law deems it just that the evidence should be heard, and does not favor that which is denominated "sharp practice." But the privilege is not to be abused. It is within the discretion and control of the court, as are also the terms to be imposed, if any are deemed just. There is nothing to show that the discretion of the court was improperly exercised in the present instance.

The defendant was allowed to introduce testimony in rebuttal, and to present further considerations to the jury on the new evidence offered.

The assignment of error numbered four, relates to the instruction, that the question whether the fence was a lawful fence, and a good one, was in the discretion of the jury. The court repeatedly refers to the statute definition of a sufficient fence. Acts of 1852–3, 174, chap. 105. And as that prescribes the height, in feet and inches, we will not suppose the word discretion refers, in any sense, to that. It is true, that the more ordinary use of this word, with us, implies something more of mere choice than would be consistent with the present application of it. But in its more proper sense, it implies judgment—soundness of judgment. Thus, we speak of a discreet man, and of his discretion; and in this sense, the word applies well enough to those qualities of a fence which are in their nature undefined, as when the statute describes it as "of strong materials, put up in a good

and substantial manner, with sufficiently small spaces," &c. These things were within their discretion or sound judgment, not in their mere option. The court quite clearly directs the jury that the fence must be one answering to the sense of the law; and if the instruction might be construed as requiring anything more than this—such as that it should be such a fence as the custom of the country called for—this was matter for the plaintiff to complain of, and not the defendant.

To the instruction embraced in the fifth assignment of error, there can be no possible objection.

Of the remaining matters, some present that difficulty of adjudication which arises from vagueness and want of point in the objections. Thus, the second error assigned is, on refusing the first instruction asked by the defendant. The court had before instructed the jury that it was important for them to inquire whether the defendant's cattle did the damage complained of; and besides, this is the very gist of the action, and of which the jury is to inquire. Therefore, the court may, perhaps well enough, have declined to give it, because it was already involved and given. But if the defendant insists upon the instruction, notwithstanding what was already before the jury, then we are obliged to say that it is not true—it is not accurate. Suppose the jury do find that the defendant's cattle did do all the damage, in fact, although other persons' cattle trespassed there, may they not find such a fact? It is possible that other cattle may have entered the close, and not have destroyed the crops. The instruction asked is not one which will warrant a reversal.

As to the third error assigned—the refusal of the second instruction asked by the defendant—the mind is led to doubt whether it understands this instruction. Of course, the jury must find that the defendant's cattle committed the trespass, before they can find for the plaintiff; and upon this alone they would find, at least, nominal damages. It is not perceived to what this aims, since the jury have found damages to the amount of one hundred and fifty dollars, done by the de-

fendant's cattle, and not by those of other persons.   They might find against the defendant, and then disagree as to the amount; or they might find nominal damages.   But it is not correct that they must find the amount, before they can find for the plaintiff.   It is true that they could not return a verdict into court without finding the amount; or, at least, if they return a verdict for the plaintiff as for a trespass, and could not agree on the damages, such a verdict would carry nominal damages.   We conceive that the instruction asked is not correct, if we can imagine any proper meaning for it.

. The motion for a new trial is based upon an affidavit of what the defendant is informed and believes he can prove by certain persons.   This does not yield sufficient certainty of his being able to prove the facts, if he had the witnesses. But further, if the facts were proved, they would not necessarily change the verdict.   And yet more, perhaps they would not even authorize a change.   But further, the affidavit rather shows a neglect, a want of preparation of his cause, on the part of the defendant.   He says he was surprised by the evidence of the plaintiff, whilst that evidence was on the very gist of the cause, as it was to be proved by the plaintiff.

There does not appear to be any error in the rulings of the court below, and the judgment is affirmed.