## McDaniels v. Van Fosen.

1. Setting aside award : newly discovered evidence.   Newly discovered evidence which is merely cumulative in its character does not afford sufficient ground for setting aside an award of arbitrators.

*Appeal from Story District Court.*

Tuesday, October 16.

*Casady, Crocker & Polk* for the appellant.

No appearance for the appellee.

Lowe, C. J.—Whilst this controversy was pending between the parties in court, it was referred under a written agreement or submission of the parties to the arbitrament of a single umpire whose award was to be made a rule of court. A hearing of the parties was had before the referee who returned his award into court.   The defendant moved for a confirmation of, and judgment upon, the same; whilst the plaintiff moved the court to set aside the award.   The latter motion prevailed; and the cause is brought here upon the appeal of the defendant; who claims that the action of the court in setting aside the award aforesaid was erroneous; and it strikes us that the grounds for doing so are quite un-

satisfactory, and that arbitrations will not amount to much if they are to be overturned upon a pretext so slight and unimportant.

It seems by the written submission each party was to testify before the arbitrator. The defendant among other things testified that in March, 1856, while they were on their way from plaintiff's house to one L. Robins, being by themselves, he loaned the plaintiff forty-five dollars. The plaintiff in his motion to set aside the award swears that this evidence took him by surprise, that it is not true, that he has since discovered that George and Harvey Dye were with them at the time the money should have been loaned; and that they would swear that they did not see any money pass between them on that occasion; and the affidavit of Henry Dye, was produced to that effect in support of the motion, and upon this sort of showing the award was set aside. But it is not satisfactory in this—McDaniels himself was a witness, why did he not at the time contradict it under oath? If he had done so, as it was undoubtedly his privilege and right, the probability is the umpire would not have allowed the item, because there would have been no testimony to support it. Under these circumstances the testimony of the Messrs. Dye would only be cumulative at best, and this would not be a sufficient cause for granting a new trial, and therefore, for a stronger reason, should not be for setting aside an award.

The subsequent proceedings in the premises show the folly of protracting this controversy, and that it is due to both the parties that the matter should end. The order of the court, therefore, setting aside the award, at the September Term, 1858, will be reversed and the cause remanded for its confirmation.

Reversed.