## SHEPHERD v. BRENTON.

1. CONFLICTING RECORD. When the entry made by the Clerk of the District Court, but not approved by the judge, conflicts with the statements of a bill of exceptions, signed by the judge, the bill of exceptions will be regarded as the better evidence of the facts to which it relates.

2. CORRECTING RECORD. The judge of the District Court may correct or expunge any entry in the record thereof before the same is read and signed. (Rev., 1860, §§ 2664–2666.)

3. BILL OF EXCEPTIONS. That a bill of exceptions was filed by the judge of the District Court, at his own instance, and not on the motion of either party, does not affect its conclusiveness as a part of the record.

4. NEW TRIAL: PROPOSITIONS OF LAW. If the District Court, in ruling upon a motion for a new trial, misapplies or mistakes a legal proposition, it will be reviewed by the Supreme Court with the same freedom as if made at any other stage of the trial.

5. SAME. When a new trial is granted to enable a party to obtain testimony, which is impeaching or cumulative merely, or to introduce evidence to obtain which no proper diligence has been used, or upon affidavits of jurors, showing they never consented to the verdict, the Court does not merely exercise a discretion, and its ruling will be reversed by the appellate court, without hesitation.

6. SAME. A stronger case must be made, to justify the interposition of the appellate court, when a new trial has been granted by the court below than when it has been refused. (*Ruble* v. *McDonald*, 7 Iowa, 90; *Newell* v. *Sanford*, 10 Id., 396.)

7. SAME. A new trial should not be granted upon doubtful or technical grounds, or where substantial justice has been done below.

*Appeal from Dallas District Court.*

FRIDAY, JUNE 12.

CRIM. CON.   Verdict for plaintiff, $1,200.   Motion for a new trial sustained, and plaintiff appeals.

*C. C. Cole* for the appellant.

I. The record in this cause shows that one motion for a new trial had been made and disposed of by the Court,

and no second motion can in such case be made. *Powers* v. *Bridges*, 1 G. Greene, 235.

II. No sufficient ground for a motion for a new trial after the close of the term is shown, and the record shows that the motion was not made at the term. Rev., 1860, §§ 3112–3115; *Barrett* v. *Hillman*, MS. (Ky.), 1856; Kentucky Code, §§ 369–373.

III. The right to a new trial, on the ground of the misconduct of the jury, is wholly unfounded, because:

1. The affidavits of the jurors are inadmissible to prove the facts stated; such matters being in effect a denial of their assent to the verdict. *Lloyd* v. *McClure*, 2 G. Greene, 139; *Abel et al.* v. *Kennedy et al.*, 3 G. Greene, 47; *Cook, Sargant & Cook* v. *Sypher*, 3 Iowa, 484; *The State of Iowa* v. *Douglass*, 7 Iowa, 413; 1 Graham & Waterman on New Trials, 111.

2. The manner of making up the verdict was correct, as shown by all of the affidavits, when taken and considered together. *Dana* v. *Tucker*, 4 John., 487; *Grinnell* v. *Phillipps*, 1 Mass., 541; *Sholer* v. *Bell*, 1 Rand. (Va.), 39; *Copperthwaite* v. *Jones*, 2 Dall., 55; *Manix* v. *Malony*, 7 Iowa, 81; *Schanler* v. *Porter*, Id., 482.

IV. The claim for a new trial, on the ground of newly discovered evidence, is also unfounded, because:

1. A number of the witnesses were sworn on the trial; and it is well settled that a new trial will not be granted for the newly discovered evidence of a witness who was called and examined. *Fanning* v. *M'Craney*, Mor., 398; *Wilbur* v. *McGillicuddy*, 3 Miller (La.), 382.

2. The defendant does not show any diligence to discover the evidence before trial. *Mays* v. *Deaver*, 1 Iowa, 216; *McManus* v. *Finan*, 4 Id., 283; *Pelamourges* v. *Clark*, 9 Id., 1; 1 Gra. & Wat. New Trials, 473.

3. The record shows that the newly discovered evidence was merely cumulative, 1 Gra. & Wat. New Trials, 486;

*Reeves* v. *Royal et al.*, 2 G. Greene, 451; *Manix* v. *Malony*, 7 Iowa, 81; *Sturgeon* v. *Ferrier*, 14 Id.

*D. O. Finch* and *William Phillips* for the appellee.

I. The Court had the power, and it was his duty, to correct the record, so as to make it conform to the facts, at any time before it was signed. Rev., 1860, §§ 2664–2666.

II. The application for a new trial was made at the term at which the cause was tried.

III. The affidavits of jurors are admissible to show the manner in which a jury arrived at their verdict. *Fawcett* v. *Woods*, 5 Iowa, 400; *Manix* v. *Malony*, 7 Iowa, 81; *Schanler* v. *Porter*, Id., 482.

IV. The Appellate Court will interfere with an order granting a new trial, only when it is made manifest, by all the testimony in a cause, that manifest injustice has been done to the appellant. *Ruble* v. *McDonald*, 7 Iowa, 90; *Finley* v. *David*, Id., 3; *Jourdan* v. *Reed*, 1 Id., 135; *Freeman* v. *Rich*, Id., 504; *Humphreys* v. *Hoyt*, 4 G. Greene, 245.

WRIGHT, J.— I. It is first claimed, that one motion for a new trial was made and overruled at the term at which the verdict was rendered, and that the Court had no power to entertain a second motion of the same character, and especially so after the adjournment of said term.

Upon this subject the record is not without conflict, but we think the reasonable construction to be put upon it is this: The verdict was returned as the Court was about to adjourn, the last day of the September Term, 1861. Defendant's counsel (according to the record) filed at once a motion in arrest and for a new trial. A judgment was, nevertheless, entered by the Clerk upon the verdict, which entry, however, states that defendant has forty days within which to prepare a bill of exceptions. It does not appear in words that said motion was overruled, nor that it was

acted upon. From the fact that judgment was then enter-
ed, it does appear constructively that it was overruled.
This record, however, was not read, examined and signed
by the Judge at that term. A bill of exceptions signed by
the Judge states, that when notice of the motion was given,
upon the receipt of the verdict, he stated that if it embraced
no other matters than had already been brought to his
attention, he should overrule it; but if it contained new
matter he would hear it, that counsel stated that he did not
know that it would, but wanted time to investigate the
question; and that thereupon forty days were given to pre-
pare said motion and the bill of exceptions. Such motion
and bill of exceptions were left with the Clerk within the
forty days, and under instructions from the Judge marked
filed as of the date of the verdict, and this motion was the
only one made and acted upon by the Court.

As the record made by the Clerk at the September Term,
1861, was not read, corrected and approved by the Judge
at that term, we entertain no doubt that it was competent
for him to correct the same at any time before signing the
same. Until it was thus approved and signed, it was under
his control, and he could amend the same or expunge any
entry therein made. Revision of 1860, §§ 2664–2666.
The entry by the Clerk, under such circumstances, is not
so far conclusive, as that the Court at a subsequent term,
might not adjudicate questions arising according to the
actual facts. And when, therefore, he states in a bill of
exceptions duly signed, that such motion was not in fact
disposed of, and he, therefore, proceeds to act upon it as an
original question, making what he states is the first proper
order in relation to it, we feel bound by the latter entry or
the latter proceedings, and are not justified in concluding
that there had been prior action upon the same motion.
If it appeared that the entry of the September Term had
been then approved and signed, there would be more

strength in appellant's position, for it could then only be allowed to correct an evident mistake. Rev., § 2667.

Some affidavits have been filed to show that the motion was, in fact, disposed of at the time it was made. Counter affidavits upon the same subject are also found in the record. Under such circumstances we are very clear that it is our duty to be governed by the bill of exceptions, and the statements therein contained, as made by the Judge himself.

In this connection it is objected that the bill of exceptions in which these facts appear, was made by the Judge at his own instance, without the request of either party. In the caption preceding this bill, it is stated that on such a day "the Judge filed *his* bill of exceptions as follows." But can this fact aid appellant, or take from the conclusiveness of this part of the record. It seems to us most clearly not. It can make no difference whose it was, nor who had it filed, if it was duly signed by the Judge, and made part of the record. It is the duty of the Judge to see that the actual facts bearing upon a question decided by him, shall appear, and while it is usual to have all such matters embraced in the bill prepared at the instance of one of the parties, we are not aware of any rule that takes from the Judge the right to place in proper form any additional matter, that the precise truth may appear and be presented to the Appellate Court. There is certainly no injustice in it, and as it is his duty to administer the law justly and impartially, we do not see how it could work any prejudice. Of course it is always proper that parties should have notice of such a bill, and such notice will be presumed, when the contrary does not appear. Remarking that it is not shown that appellant made any objection to the time given to file said motion and prepare a bill of exceptions; nor that he made any objection to the exceptions said to be filed by the Judge, we conclude that his

Shepherd v. Brenton.

first position is not tenable, and that, so far as we find, no error in the action of the Court below.

II. It seems that the Court below held, " that the affidavits pertaining to the conduct of the jury, were sufficient, and that the affidavits of newly discovered evidence and the affidavits of new witnesses therein discovered, together with the affidavits of witnesses showing additional evidence *when taken in connection with the entire evidence offered in the case*, was a sufficient showing for a new trial, and for these reasons the motion was granted."

The rules obtaining when it is sought to impeach a verdict because of the misconduct of the jury by their own affidavits, as also when it is sought to show by the same means that it was not their verdict, are so well settled and have been so repeatedly recognized by this court, that we need not again state them nor advert to the reasons upon which they are founded. Reference is made to the cases of *Stewart* v. *Ewbank*, 3 Iowa, 191 ; *Schanler* v. *Porter*, 7 Id.; 482 ; *Manix* v. *Malony*, Id., 81 ; *The State of Iowa* v. *Douglass*, Id., 413 ; *Cook, Sargent & Cook* v. *Sypher*, 3 Id., 484 ; *Ruble* v. *McDonald*, 7 Id., 90 ; *The State of Iowa* v. *Shelledy*, 8 Id., 477. And the same remark is applicable to motions for a new trial, based upon newly discovered evidence, where it is claimed that the party applying does not show the use of sufficient diligence, that he does not sufficiently negative knowledge of such evidence before the former trial, or if so that he did not use diligence to possess himself of such knowledge, as also when it is claimed that such new evidence is only cumulative, or only intended to impeach the testimony of the opposite party. *Reeves* v. *Royal*, 2 G. Greene, 451 ; *Manix* v. *Malony*, 7 Iowa, 81 ; *Millard* v. *Singer*, 2 G. Greene, 144 ; *McManus* v. *Finan*, 4 Iowa, 283 ; *Pelamourges* v. *Clark et al.*, 9 Id., 1 ; *Mays* v. *Deaver*, 1 Id., 216 ; *Fanning* v. *M'Craney*,

Mor., 398; *Warren* v. *The State*, 1 G. Greene, 106; *Mc-Daniels* v. *Van Fossen*, 11 Iowa, 195; cases cited in same volume, 455. For giving to the appellant the full benefit of all these rules, stated ever so strongly, we should still not feel justified in interfering with the action of the court in granting defendant a new trial.

In the following cases will be found enunciated and discussed the principles which we think must control our action. *Trulock* v. *The State*, 1 Iowa, 515, and cases there cited; *Jones et al.* v. *Fennimore*, 1 G. Greene, 134; *Warren* v. *The State*, Id., 106; *Ruble* v. *McDonald*, 7 Iowa, 90; *Finley* v. *David*, Id., 3; *Hendricks & Cooper* v. *Wallis*, Id., 224; *Jewett & Lovejoy* v. *Miller & Fuller*, 12 Id., 85; *Braddy & Braddy* v. *Lumery et al.*, 11 Id., 29; *Schumaker et ux.* v. *Gelpcke*, Id., 84; *Woodward* v. *Horst*, 10 Id., 120; *Newell* v. *Sanford*, Id., 396; *Caffrey* v. *Groome*, Id., 548; *Floyd* and *Underwood* v. *Hamilton*, Id., 552; *Cook, Sargent & Cook* v. *Sypher*, 3 Id., 484.

It is conceded that if the court, in ordering a new trial, misapplies or mistakes a legal proposition, such ruling will be reviewed with the same freedom as if made at any other stage of the trial. In such a case this court does not supervise the discretion of the court below, but determines whether the view taken of the law was correct. And therefore, if it appeared in this case, that a new trial was granted to enable defendant to obtain testimony impeaching or cumulative merely, or to introduce testimony to obtain which no sufficient diligence had been used, we should have no hesitation in reversing such order, for in such a case the court would have no discretion; the law settles the rights of the parties, and it was simply the duty of the court to declare it. So if it had been determined that the affidavits of jurors showing that they never consented to the verdict were admissible and sufficient to impeach the same. The rule is very different, however, when a new trial has been

granted, upon grounds which address themselves to the sound discretion of the court trying the cause.

In *Ruble* v. *McDonald, supra*, it is said, that a stronger case should be made to justify the interposition of this court, when a new trial has been granted, than when it has been refused. When granted, in view of the facts and circumstances as they transpired at the trial, the case should be quite clear and strong, showing an abuse of discretion, before we would interfere. So it has been fully settled that this discretion will not be interfered with, unless it has been abused, or unless it is made fully apparent that great injustice has been done to the party complaining. *Newell* v. *Sanford, supra.* And again, a new trial should not be granted upon doubtful or technical grounds, or when substantial justice has been done in the trial below. 10 Iowa, 120. And still again, if it is evident, from a view of all the equitable circumstances, that without fault a party has not had a full and impartial trial, the court, in its discretion, may order a second one. 1 Id., 515. We need scarcely remark that the principles recognized in the two cases last cited, are equally applicable when a new trial has been granted, and we are asked to set aside such order. For if, satisfied that substantial justice has been done by such order, or that the equitable circumstances were such as to warrant the same, we most certainly should not interfere upon any doubtful or technical ground. In other words, if it appears to us that the court below, in the exercise of a sound discretion, could consistently have granted a new trial, and has granted the same, such order should be permitted to stand, though there may have been error upon some abstract legal proposition. And in view of the authorities above cited, this is more emphatically true when the new trial has been granted, than when it has been refused. One reason for the distinction, to mention none others, is, that the parties can again go to a jury upon the

issues joined, and the successful party still has an opportunity to obtain a concurring verdict.

Let us now refer briefly to the circumstances of the case. The court held that the proposed new evidence, taken in connection with all of that offered on the previous trial (aided by perhaps some other matters, which it may be conceded should have no weight), satisfied him that a new trial should be granted. And it seems to us that no one can read this record and gainsay the correctness of this conclusion. By this we do not mean that the verdict was so far unwarranted by the testimony, as that the court might not, in its discretion, have permitted it to stand. But that no one can read it, and claim that such great injustice has been done in granting a second trial, as to justify our interference.

In demonstration of this proposition it is not our purpose to refer in detail to the disgusting, but perhaps necessary obscenity, disclosed in this record. It is sufficient to say that plaintiff, according to his own testimony, witnessed the debauching and dishonor of his wife, with a degree of indifference and coolness which shocks the feelings and startles the judgment of the most unimpassioned mind. That he should have been within a short distance of the parties at the time of the criminal connection ; that they should have known that they were discovered ; that the wife should have walked off, and plaintiff have passed defendant and spoken calmly to him ; that he should have afterwards lived for months with his wife, at times occupying the same bed ; that he should have delayed for more than a year, without any apparent cause, the institution of any legal proceedings, are all circumstances pertinently addressing themselves to the mind of the court below in determining whether justice had been arrived at by the verdict. True, it is not impossible that the facts are as claimed and stated by the plaintiff in his testimony, but where the material

fact is contradicted clearly and unquivocally by the defendant, and where all the other testimony and circumstances tend at least as strongly to sustain defendant as plaintiff, we are very far from being ready to conclude that injustice has been done by the order made.

If defendant is guilty, he of course should be made to respond in full and adequate damages, to be increased by the expenses incident to the further litigation. If not guilty, he should go acquitted. The court below has determined, in effect, that justice demands that the case should be again investigated. This ruling we do not feel at liberty to disturb, and the order granting a new trial is therefore

Affirmed.