## CORBITT v. NEALY.

**Arbitration :** TIME OF HEARING. Where, by consent, a pending cause was referred to arbitrators, who were, by the order made, given authority to fix the day for hearing, it was *held*, that this was not an absence of direction as contemplated by § 3102 of the Revision, and that the arbitrators might rightfully fix the time of hearing beyond the ten days prescribed by said section in cases where there is an absence of direction in respect thereto.

*Appeal from Des Moines District Court.*

WEDNESDAY, AUGUST 31.

THE petition filed August 24, 1869, claims $400 upon contract. The answer, filed November 10, 1869, presents issues general and special in their nature. On the 19th of that month the parties, in open court, filed their agreement to submit to the subject matter of said action to arbitration, and it was then ordered, by consent, that certain persons, naming them, be appointed as arbitrators (sometimes called referees in the record); that, after qualifying,

they should proceed to fix the day for the hearing, notifying the parties thereof, determine the issues, and make their report at the next term. The arbitrators accepted the appointment, and fixed upon the 27th day of January, 1870, as the day for hearing ; and, after due notice, the parties being present on the day named, they were heard, a. recovery ordered in plaintiff's favor, return duly made, which defendant moved to set aside ; and to reverse the judgment following the overruling of this motion he prosecutes his appeal.

*M. D. & O. H. Browning* for the appellant.

*Hall & Baldwin* for the appellee.

WRIGHT, J. —The only point made here is, that the arbitrators did not proceed to hear the case within the time prescribed by statute ; that they, hence, had no jurisdiction or power to determine the issues, and that the judgment based upon the return is therefore erroneous. Upon more than one ground, in view of the facts in this case, this position is not tenable. The statute relied upon is, that the order of reference shall direct when the referees shall proceed to a hearing, and, in the absence of such direction, they shall do so on the morning of the *tenth* day after the day on which was made the order of reference. Rev. § 3103. As by the agreement of parties, and the order, the referees were directed to fix the time, it is not a case of " absence of direction " but it is the same, in legal contemplation, as though a day had been fixed by the court before or beyond the ten days. And this is especially so when the parties appeared after notice, without objection, and were fully heard before the referees. *Mc-Daniels* v. *Van Fosen,* 11 *Iowa,* 195 *; Thompson* v. *Blanchard,* 2 id. 44 *; McKnight* v. *McCulloch,* 21 id. 111 ; *Higgins* v. *Kennedy,* 20 id. 474.

Affirmed.