F. CARRERA & BROTHER, PLAINTIFFS AND APPELLANTS, *v.* NEW YORK & PORTO RICO S. S. Co., DEFENDANT AND APPELLEE.

APPEAL from the District Court of Mayagüez in an Action for Damages and Injunction—New Trial.

No. 1489.—Decided July 17, 1916.

NEW TRIAL—STIPULATION—ERROR.—The motion for a new trial being based on subdivision 2 of section 221 and section 140 of the Code of Civil Procedure, alleging that an error was committed in drafting a certain stipulation entered into at the trial whereby it appears that all of the allegations of the complaint were admitted, when, in fact, there was no intention of admitting the claim for damages, as is shown by the defense set up in the said stipu-

lation, and a new trial having been granted, the decision was affirmed on the ground that it was supported by section 140, if not by subdivision 2 of section 221, of the said code.

The facts are stated in the opinion.

*Mr. Angel A. Vázquez* for the appellants.

*Messrs. Charles Hartzell* and *F. Ramírez de Arellano* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

The plaintiffs took the present appeal from an order of the District Court of Mayagüez granting a new trial on the ground of accident or surprise to the defendant.

In the cases of *Santiago* v. *Vázquez,* 15 P. R. R. 214, and *Fajardo* v. *Tió,* 17 P. R. R. 321, this court said that the granting of a new trial lies in the sound discretion of the trial court, and in the case of *Rivero et al.* v. *Hernández et al.,* 17 P. R. R. 868, which closely resembles the present case and in which a new trial was granted also on the ground of accident or surprise, it was held as follows:

"To reverse such an order, a very strong case must be made out by the appellants. In the nature of the proceedings, the granting or refusing of a new trial on the ground of accident or surprise must be largely left to the discretion of the trial court. And unless that discretion has been abused, especially when the new trial. has been granted, the appellate court will gravely hesitate to interfere. This is the almost. unbroken current of authority. (29 Cyc. 103, citing *Harper* v. *Wilkes,* 76 Ga. 106; *Shepherd* v. *Brenton,* 15 Iowa, 84.)"

In their complaint filed on June 1, 1915, plaintiffs alleged that the public transportation corporation, The New York & Porto Rico Steamship Company, landed for them at Mayagüez three hundred sacks of oats which they had bought and paid for; that with the consent of the defendant they began to remove the same from the dock, but while there were still two hundred and ninety sacks not removed, the defendant objected to their being taken away and unlawfully retained them, thereby causing the plaintiffs the following damages:

Consultations with their attorney and the preparation of a written requisition, $100; money not gained on the sale of the 290 sacks of oats, $200; loss of time, trouble and inconvenience of the plaintiffs, $2,800, or a total of $3,100. The complaint prayed the court to adjudge that the plaintiffs were the exclusive owners of the said oats; that the defendant had no right, title, or interest therein; that the defendant pay the plaintiffs the sum of $3,100 as damages, and that the defendant be enjoined perpetually from doing any act contrary to the right of the plaintiffs as owners of the said sacks of oats.

Among other things, it was denied in the answer to the complaint that the freight charges had been paid, for although the bill of lading which the plaintiffs presented to the company's agent in Mayagüez in order to remove the oats showed that the freight was "prepayable," for which reason he ordered the delivery of the goods, he was informed later by the San Juan office that the freight had not been paid and on this account the said oats were held, inasmuch as under one of the clauses of the bill of lading the freight is a lien on the goods. It was denied also in the answer that the plaintiffs were caused the damages claimed by them, except as to the fees of the attorney and notary, as the retention of the goods was only momentary.

The defendant pleaded in defense that as the freight had not been paid it had a right to retain the goods and, therefore, was not liable for damages. The case went to trial and the district court rendered judgment as prayed for in the complaint on the ground that during the trial the parties entered into the following agreement, which was prepared and dictated to the stenographer by the attorneys for the parties:

"STIPULATION.

"The defendants admit all the allegations of the complaint except that the plaintiffs were the absolute owners of the oats, because

the freight was not paid either on or before the day on which the delivery was refused, but was paid on July 3, 1915.

"The plaintiffs do not admit that the freight had not been paid prior to the delivery of the oats, or on the day the delivery was refused."

From our point of view, inasmuch as in the stipulation the defendant asserts that the freight was paid a long time after the retention of the merchandise and this is denied by the plaintiffs, that question was at issue between the parties, as consequently were the right to retain the goods and the right to the damages claimed; for, as the defendant alleged that the freight was not paid and that consequently it had a right to hold the goods, it logically follows that it also denied any liability for the said retention. However, as the lower court held that after the delivery of the merchandise the company's right to hold the same vanished, it followed the stipulation literally and without further evidence gave judgment for the total amount claimed, although stating that the amount of the damages may have been mistaken because it was very possible that the evidence would show them to be excessive.

After this the defendant moved for a new trial under subdivision 2 of section 221 and section 140 of the Code of the Civil Procedure, alleging that the wording of the stipulation was erroneous and the construction given to it a surprise; that it was never the intention of the defendant to admit the amount claimed as damages, as is evidenced by the verbal agreement entered into before the court prior to reducing the same to writing, and that the error was due to the fact that the principal attorney for the defendant company did not understand well the language in which the stipulation was drawn.

We are convinced that there was really an error in the drafting of the stipulation and in the construction given thereto, which, perhaps, notwithstanding its wording, does not mean what the court, construing its language literally, understood it to mean, and that the ends of justice were

served in granting a new trial under section 140, if not under subdivision 2 of section 221 of the Code of Civil Procedure, wherefore, without going into the other questions of minor importance raised by the appellant, we should affirm the decision appealed from.

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.