F. Carrera y Hermano, Demandante y Apelante, *v.* The New York & Porto Rico Steamship Co., Demandada y Apelada.

Apelación procedente de la Corte de Distrito de Mayagüez en pleito sobre indemnización de daños y perjuicios e *injunction* (nuevo juicio).

No. 1489.—Resuelto en julio 17, 1916.

Nuevo Juicio—Accidente y Sorpresa—Artículo 221, No. 2, y 140 del Código de Enjuiciamiento Civil.—Fundada la petición de nuevo juicio en los artículos 221, No. 2, y 140 del Código de Enjuiciamiento Civil alegándose que hubo · error en la redacción de cierta estipulación hecha en el juicio de la que aparece aceptarse todos los hechos de una demanda cuando en verdad no hubo la intención de aceptar la reclamación de daños y perjuicios como lo demuestra el hecho de defensa consignado en la misma estipulación y concedido el nuevo juicio, se confirmó la resolución porque si no estaba sostenida por el artículo 221, No. 2, lo estaba por el 140 del código citado.

Los hechos están expresados en la opinión.
Abogado de la apelante: *Sr. Angel A. Vázquez.*

Abogados de la apelada: *Sres. Charles Hartzell y F. Ramírez de Arellano.*

El Juez Asociado Sr. Aldrey, emitió la opinión del tribunal.

Esta apelación se estableció por la parte demandante contra resolución de la Corte de Distrito de Mayagüez que concedió la celebración de un nuevo juicio fundándose en que hubo accidente o sorpresa por la parte demandada.

Ya hemos dicho en los casos de *Santiago* v. *Vázquez,* 15 D. P. R. 228, y en el de *Fajardo* v. *Tió,* 17 D. P. R. 338, que la concesión de un nuevo juicio, descansa grandemente en la discreción del juez que conoció del juicio; y en el de *Rivero* v. *Hernández,* 17 D. P. R. 904, bastante análogo al presente y en el que el nuevo juicio se concedió también por accidente o sorpresa, se declaró lo siguiente: ''Para que tal resolución se revoque los apelantes deben mostrar una razón muy poderosa. En el orden de los procedimientos la concesión o denegación de un nuevo juicio por el fundamento de accidente o sorpresa, es una cuestión que debe dejarse ampliamente a la discreción de la corte inferior. Y a menos que se haya abusado de esa discreción, especialmente cuando se ha concedido el nuevo juicio, la corte de apelación seriamente vacilará para intervenir con esa discreción. Este principio es casi uniforme en todas las autoridades, 29 Cyc. 103; y se citan los casos de *Harper* v. *Wilkes,* 76 Ga. 106, *Shepherd* v. *Brenton,* 15 Iowa 84.''

La demanda en este caso fué presentada en 1º. de junio de 1915 y en ella alegaron los demandantes que la corporación de transporte público The New York & Porto Rico Steamship Co. les condujo a Mayagüez 300 sacos de avena que habían comprado y pagado, los que con el consentimiento de la demandada empezaron a retirar del muelle, pero cuando les quedaban aún 290 sacos se opuso la demandada a que los sacasen y los retuvo ilegalmente, causándole por ese acto los siguientes daños y perjuicios: por consultas con su abogado y confección de una escritura de requerimiento, $100; por

dinero dejado de ganar en la venta de los 290 sacos de avena, $200; por pérdida de tiempo, molestias e incomodidades de la demandante, $2,800; total, $3,100. Por la súplica se pidió del tribunal que declarase que dicha avena era de la exclusiva propiedad de la demandante y que en ella no tiene la demandada derecho, título o interés alguno, y que se la condenase a pagarle $3,100 como indemnización por los daños y perjuicios, y que se decretara un *injunction* perpetuo prohibiéndole que realizase acto alguno contra el derecho del demandante a esos sacos de avena.

La contestación a la demanda hizo entre otras negativas la de que el flete por el trasporte no había sido pagado, pues si bien del conocimiento que le presentaron los demandantes a sus agentes en Mayagüez para retirar la avena resultaba que el flete era *prepayable,* por lo que ordenaron la entrega, sin embargo, luego le avisó la oficina de San Juan de que no estaba pagado, siendo éste el motivo por el que se retuvo dicha avena ya que el cargamento según una cláusula del contrato de fletamento está afecto a un gravamen (*lien*) para el pago del mismo; también negó que se causaran a los demandantes los daños y perjuicios que reclaman, salvo gastos de abogado y notario, pues la suspensión en la entrega fué de carácter momentáneo.

La defensa de la demandada fué que el flete no se había pagado, por lo que tenía el derecho de retención y como consecuencia que no debía daños y perjuicios. Celebrado el juicio el juez de distrito dictó sentencia de conformidad con todas las peticiones de la demanda fundándose en que durante el juicio hicieron las partes la siguiente estipulación que fué confeccionada y dictada al taquígrafo por los abogados de las partes, a saber:

"*Estipulación:* los demandados aceptan todos los hechos de la demanda, excepto que la avena fuera de la absoluta propiedad de la demandante, porque los fletes no estaban pagados, ni antes, ni en el día de la suspensión de la entrega, y que los fletes fueron pagados en 3 de julio de 1915.

"La demandante no acepta como cierto que los fletes no hubieren sido pagados antes de la entrega de la avena, ni en el día de la suspensión de la entrega."

A nuestro modo de ver las cosas, como en la estipulación se afirma que el pago del flete se hizo mucho tiempo después que la mercancía fué retenida, hecho negado por los demandantes, quedaba viva entre las partes esa cuestión y la consiguiente del derecho de retención, así como la de los perjuicios que se reclaman, pues alegando la demandada la falta de pago del flete y su consiguiente derecho de retención, era consecuencia lógica que negaba también deber perjuicio por dicha retención.  Sin embargo, resuelto por el juez inferior en su sentencia que una vez que hizo la entrega de la mercancía desapareció su derecho de retención, tomó en cuenta literalmente la estipulación y, sin más prueba, condenó al pago de toda la cantidad reclamada, aunque consignando que la cuantía de los daños puede haber sido un descuido toda vez que es muy posible que resultara excesiva después de las pruebas.

Después de esto fué que se solicitó el nuevo juicio por el fundamento consignado en el número 2°. del artículo 221 del Código de Enjuiciamiento Civil y 140 del mismo código, alegando que fué un error el consignar la estipulación en esos términos y una sorpresa en cuanto al alcance que se daba a la estipulación, que no fué su intención nunca el aceptar la cantidad reclamada por daños, según el convenio verbal que se hizo ante la corte antes de reducirlo a escrito; y que el error se debió a no entender bien el abogado principal de los demandados el idioma en que se redactó la estipulación.

Estamos convencidos de que efectivamente hubo un error en la redacción de la estipulación y en el alcance que se le dió, que quizás a pesar de sus palabras no dice lo que la corte siguiendo al pie de la letra las palabras de la estipulación entendió que decía, y que se hizo justicia al conceder el nuevo juicio si no por el No. 2°. del artículo 221, por el

140 del Código de Enjuiciamiento Civil, por lo que sin entrar a considerar otras cuestiones de poca monta propuestas por la parte apelante, debemos confirmar la resolución apelada.

*Confirmada la resolución apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.