## JONES v. COOPRIDER.

If the attesting witnesses to a bond reside in another state, the bond will be received in evidence upon proof of their hand-writing.

If the Court below, upon insufficient grounds, grant a new trial, the judgment will be reversed.

ERROR to the *Harrison* Circuit Court.—Debt upon a sealed note for the payment of money. Plea, non est factum. Similiter. The attesting witnesses were non-residents. It was proved that one lived in *Missouri*, the other in *Louisiana*. Upon proof of their hand-writing the note was received in evidence, and the plaintiff had a verdict and judgment. Afterwards, upon the motion of the defendant, the Court below granted him a new trial, on the ground that proof of the hand-writing of the attesting witnesses had been improperly admitted. Upon the second trial that testimony was rejected, and, of course, the note was not permitted to be read in evidence. The jury found for the defendant, and there was judgment accordingly.

The plaintiff in error contended: 1st, That the new trial ought not to have been granted. 2dly, That the evidence offered by him, on the second trial, ought to have been admitted.

BLACKFORD, J.—The granting of the new trial is assigned for error; and, consequently, it becomes our duty to inquire into the legality of the evidence, for the supposed illegal admission of which, the first verdict in this case was set aside. It has frequently been determined, not only in *England*, but in several of the *United States*, that where the subscribing witnesses to an obligation are dead, or residents of a foreign country beyond sea, proof of their hand-writing is sufficient to authorize the admission of the obligation in evidence. But whether such testimony can be received where the witnesses reside in one of our sister states, is a question of some difficulty. The counsel for the defendant in error contends, that the *United States* form one single government, and that as the witnesses are residents thereof, it should appear that due diligence had been used to procure their personal attendance, or at least, that their deposi-

tions should have been taken by means of a dedimus; and there is much plausibility in this kind of reasoning. It is very certain that the several states are closely connected together by a political bond of union, and form one great confederate republic; but it must be recollected, at the same time, that these states are entirely independent of each other, except as to the powers delegated by the constitution of the *United States* to the general government. The laws of one state have no force in any other. The Courts of one state have no jurisdiction in any other. We have no process to compel the attendance of witnesses from *Louisiana*, nor can we require any officer of that state to take their depositions. Hence, it may be fairly and conclusively inferred, that witnesses residing in one state are as much beyond the jurisdiction of the Courts of any other state, as if they were residents of any *European* nation. We are therefore of opinion, that the Circuit Court acted correctly, in admitting evidence of the hand-writing of the subscribing witnesses in this case, and consequently committed an error, in afterwards granting a new trial, on account of their having admitted such testimony (1).

*Per Curiam.*—The judgment upon the second verdict is reversed, and the proceedings are set aside up to the judgment upon the first verdict, with costs.

*Nelson,* for the plaintiff.

*Thomasson,* for the defendant.

(1) The rule is, if there be one or more subscribing witnesses to an instrument, one of them, at least, must be called, or the absence of all accounted for. The attesting witness is presumed to know all the facts attending the execution; the parties have agreed to rest on his testimony: therefore, if possible, he must be produced. 1 Stark. Ev. 330, 331. Even proof of an obligor's admission of the execution of a deed, has been held an insufficient excuse for not calling the witness. *Abbot* v. *Plumbe,* Doug. 216.—Per *Lawrence,* J., in *Barnes* v. *Trompowsky,* 7 T. R. 261, and in *Cunliffe* v. *Sefton,* 2 East, 183.— *Johnson* v. *Mason,* 1 Esp. Rep. 89.—*Call* v. *Dunning,* 4 East, 53, and note 1.—The *King* v. *Harringworth,* 4 Maule and Selw. 350.—*Fox* et al. v. *Reil* et al. 3 Johns. Rep. 477.

Where the witness to an instrument is dead, or, as in the text, is abroad and beyond the process of the Court, his absence is sufficiently accounted for to let in proof of his hand-writing, the next best evidence. *Prince* v. *Blackburn,* 2 East, 250.—*Coghlan* v. *Williamson,* Doug. 93.—*Barnes* v. *Trompowsky,* supra.—*Adam* et ux. v. *Kers,* 1 Bos. and Pull. 360.—*Sluby* v. *Champlin,* 4 Johns. Rep. 461.—*Sentney* v. *Overton,* 4 Bibb, 445.—*Bowman* v. *Bartlet,* 3

Marsh. Ky. Rep. 86, 91.   Whether he be domiciled abroad or not.  *Prince* v. *Blackburn*, supra.—*Sluby* v. *Champlin*, supra.—1 Stark. Ev. 338.   So if he has become blind, *Wood* v. *Drury*, Ld. Raym. 734; insane, 12 Vin. Abr. T. b. 48. pl. 12—*Currie* v. *Child*, 3 Campb. Rep. 283; interested, *Swire* v. *Bell* et al. 5 T. R. 371—*Buckley* v. *Smith*, 2 Esp. Rep. 697; incompetent, by being convicted of a crime.  *Jones* v. *Mason*, 2 Strange, 833.   So where, after diligent search, he cannot be found.   For the search necessary, vide *Anon*. 12 Mod 607.—*Coghlan* v. *Williamson*, supra.— *Cunliffe* v. *Sefton*. supra.—*Crosby* v. *Percy*, 1 Taunt. 364.—*Ward* v. *Wells*, ibid. 461.—*Wardell* v. *Fermor*, 2 Campb. Rep. 282.-*Parker* v. *Hoskins*, 2 Taunt. 223.-*Burt* v. *Walker*, 4 Barnew. and Ald. 697.—*Cook* et al. v. *Woodrow*, 5 Cranch, 13.—*Spring* v. *S. C. Ins. Co.* 8 Wheat. 268.—*Mills* et al. v. *Twist*, 8 Johns. Rep. 121.

In case of several attesting witnesses, one only need be called; or if none of them can be had, proof of the hand-writing of one will do.  *Adam* v. *Kers*, supra  *Jackson* v. *Burton*, 11 Johns. Rep. 64.—1 Phill. Ev. 364, note c.—1 Stark. Ev. 341.

*Quœre*, Whether proof of the signature of the witness, when admissible, is *prima facie* sufficient, without that of the party, or his admission, or other evidence of identity; and whether the rule is the same, in this respect, as to deeds and other instruments.   Vide *Wallis* v. *Delancy*, 7 T. R. 262, note c.—*Adam* v. *Kers*, supra.—*Nelson* v. *Whittall*, 1 Barnew. and Ald. 19.—*Middleton* v. *Sandford*, 4 Campb. Rep. 34.—*Hill* v. *Unett*, 3 Mad. 370.—1 Phill. Ev. 362. —2 Phill. Ev. 6, 7.—Chitt. on Bills, Am. Ed. of 1821, 486, 487.—1 Stark. Ev. 340, 341.—2 Stark. Ev. 228.

If no information of the witness, nor of his hand-writing, can, after diligent inquiry, be obtained, *Cunliffe* v. *Sefton*, supra—*Jones'* Adm'rs v. *Blounts'* Ex'rs, 1 Hayw 238—*Clark* v. *Sanderson*, 3 Binn. 192; if he were incompetent at the time of attestation, *Swire* v. *Bell* et al. supra; or if, on being called, he deny having seen the instrument executed, *Talbot* v. *Hodson*, 7 Taunt. 251; the writing stands, as if his name were not on it, and other evidence may be admitted.  1 Phill. Ev. 363, 364.— 1 Stark. Ev. 342, 343.

When an instrument, executed by the adverse party, and in his possession, is produced on notice, the party calling for the writing, is bound to prove it by the subscribing witness, as in ordinary cases; unless the party producing the instrument, claim under it a beneficial interest.  *Pearce* v. *Hooper*, 3 Taunt. 60.   The old doctrine was otherwise.  *Rex* v. *Middlezoy*, 2 T. R. 41.—*Bowles* v. *Langworthy*, 5 T. R. 366.  These two last cases were overruled by *Gordon* v. *Secretan*, 8 East, 548, followed by *Wetherston* v. *Edgington*, 2 Campb. Rep. 94, which required proof of the execution, as in every other case.  *Pearce* v. *Hooper*, supra, restricted the rule in the manner stated above, which seems now the settled law.  *Knight* v. *Martin*, 1 Gow's Rep. 26 and note.—*Orr* v. *Morice*, 3 Brod. and Bingh. 139.—*Jackson* v. *Kingsley*, 17 Johns. Rep. 158.   If the party refuse to produce the instrument on notice, parol evidence of the contents is admissible, without calling the subscribing witness.  *Cooke* v. *Tanswell*, 8 Taunt. 450.