STEWART *v.* EWBANK.

Where the court below, in granting or refusing a new trial, mistakes a legal proposition, it is as much the subject of revision as any other decision.

In such cases, the granting or refusing the motion, is not a question of discretion, but one strictly legal in its character, and to be determined upon the law applicable to the case.

And where, after two verdicts in favor of the plaintiff, the second verdict was set aside, and a new trial granted, on the ground, supported by affidavits, that one of the jurors, at a previous term of the court, in the presence of the affiants, expressed his opinion of the merits of the cause, and said that he believed the defendant was a rascal, and ought to be made to pay every cent of the money sued for in said cause, and that if he was a juror therein, he should so find; and where there was nothing in the record to show that any of the jurors, at the time of being impanneled, was examined under oath or otherwise, or that the defendant was ignorant of the prejudice of the juror at the time he was sworn; *Held,* That the showing was insufficient to warrant the granting of a new trial.

*Appeal from the Pottawatamie District Court.*

THIS action was brought to recover the amount of certain notes, and also an account.   At the April term, 1855, of the District Court in Pottawatamie county, there was a trial by jury, and verdict for plaintiff.   A motion was then made for a new trial, because the verdict was contrary to evidence, and the law as given by the court, as well as for other reasons.   This motion was overruled.   A further motion for a new trial was then made, based upon an allegation of newly discovered evidence, which was sustained.   At the next October term, a second trial was had, and verdict for plaintiff, for about the same amount as the previous verdict, adding perhaps the accruing interest.   A motion was again made for a new trial:   First, because it was contrary to the evidence.   Second, for the reason that it was against the instructions of the court.   Third, because it was not the verdict of the entire jury, but was found by an agreement that a majority should rule.   And fourth, for the reason that one of the jurors, before the trial, gave an unqualified opinion

that defendant ought to pay the full amount in controversy. This motion was overruled as to all the causes, except the fourth; and on that ground a new trial was granted. To sustain the allegation in said fourth ground set forth, defendant showed by the affidavits of three disinterested persons, that one of the jurors (Allen) at the previous April term of the court, had, in their presence, "expressed his opinion of the merits of the cause," and had said "that he believed defendant was a rascal, and ought to be made to pay every cent of the money sued for in said cause, and that if he was a juror therein, he should so find." Upon this showing alone, the court granted a new trial, and from this order plaintiff now appeals.

*Street & Stone,* for the appellant.

*Clarke & Henley,* for the appellee.

The appellee first maintains that the decision of the court below, sustaining a motion for a new trial, is not subject to revision in this court. Ordinarily, it is true, this court will hesitate in disturbing these decisions, where the question is one depending upon discretion. Even in such cases, however, this court has frequently entertained appeals, and affirmed or reversed, as that discretion was properly or improperly exercised. See *Lloyd* v. *McClure,* 2 G. Greene, 139; *Millard* v. *Suiger,* Ib. 144, where the decision of the court below refusing a new trial, was affirmed; also *Jones* v. *Fennimore,* 1 G. Greene, 134; *Shaw* v. *Sweeney,* 2 Ib. 587, where this court reversed the judgments below, because new trials had been refused. And further, *Reeves* v. *Royal,* 2 Ib. 451, where an order granting a new trial was affirmed; and *Jordan* v. *Reed,* 1 Iowa, 135, which was reversed, because a second new trial was not granted to the same party. Where the court below, in granting or refusing a new trial, mistakes a legal proposition, it is as much the subject of revision as any other decision. In such cases, it is not a question of discretion, but one strictly legal in its

character, and to be determined upon the law applicable to the case. *Shaw* v. *Sweeney*, 2 G. Greene, 587; *Jones* v. *Cooprider*, 1 Blackf. 47.

In this case the new trial was granted, not because the verdict was against the evidence, or of misdirection as to the law, or on account of newly discovered evidence, but because, from the showing made as to one of the jurors, there had not been a fair and impartial trial; and the question for us to determine is, whether that showing is sufficient. And we have no hesitation in holding it insufficient, and remanding the case, with directions to enter judgment on the second verdict. Two verdicts have been rendered in this case in favor of plaintiff, and in both instances they have been sustained, as in accordance with the law and testimony. We say they have been sustained, so far as these grounds are concerned, for in both motions these objections were distinctly overruled. A new trial was first granted on account of newly discovered evidence. A second trial was had, with the same result. Under such circumstances, it was but fair to conclude that the verdict was right, and improper conduct on the part of jurors should have been clearly shown, to justify a new trial. For this reason alone, the court below might reasonably have refused the motion. Having granted it, however, we should not on this ground alone, disturb such order. We refer to it, for the purpose of showing the probable correctness of the verdict, notwithstanding the prejudice of the juror named, though ever so strong. But independently of this, there was no cause for granting a third trial. There is nothing to show that this juror, or any of them, was examined, either under oath or otherwise, at the time of their being impanneled. For aught that appears, the prejudice of this juror was as well known to defendant, before as after he was sworn. The juror was competent, unless objection was made. The defendant might have his case tried by twelve of his most bitter enemies, and if he should do so, without objection, he could not claim a new trial, because jurors were prejudiced; and particularly so, unless he negatives previous knowledge of such preju-

dice. If he would save the objection, he must examine the jurors touching their qualifications, before they are sworn, and some of the cases go so far as to require that he shall examine them under oath. On this subject, see *Jeffries* v. *Randall*, 14 Mass. 205; *Poore* v. *Commonwealth*, 2 Virg. Cas. 474; *Brown* v. *Same*, Ib. 516; *Simpson* v. *Pitman*, 13 Ohio, 365; *Vennum* v. *Harwood*, 1 Gilm. 659; *Glover* v. *Woolsey*, 9 Geo. 85; *Lisle* v. *The State*, 6 Miss. 426; *Seal* v. *The State*, 13 S. & M. 286; *Childress* v. *Ford*, 10 Ib. 25; *Troxdate* v. *The State*, 9 Humph. 411; *Pelton* v. *Jones, Bacon & Co.*, Morris, 491; *Sellers* v. *The People*, 3 Scam. 412; 2 Wat. & Graham on New Trials, 474, and cases there cited.

Judgment reversed.