## Cook, Sargent & Cook v. Sypher.

The decision of the District Court, granting or refusing a new trial, may be reviewed in the appellate court.

Section 1810 of the Code, which provides that on applications for new trials, the affidavits of jurors may be taken, and used in relation thereto, was only designed to declare the law as more recently settled by the adjudications of the English and American courts, and not to introduce the dangerous practice of allowing jurors to impeach their own verdicts to any extent.

Where on the same day after trial and verdict for the defendant, the plaintiff filed a motion to set aside the verdict, and for a new trial, which was overruled, and judgment rendered on the verdict; and where on the next day, the motion was renewed, the plaintiff filing in support thereof, the affidavit of one of the jurors, stating that the verdict was not voluntary on his part—that it was made without his consent—and that it was never his verdict, which motion was then sustained, the verdict and judgment set aside, and a new trial ordered; *Held*, That the affidavit of the juror was improperly received.

### Appeal from the Polk District Court.

TRIAL and verdict for defendant. On the same day, plaintiffs filed their motion to set aside the verdict, and for a new trial, which was overruled, and judgment on the verdict. On the next day, this motion was renewed, the plaintiffs filing in support thereof, the affidavit of one of the jurors who tried the case, to the effect that the verdict was not voluntary on his part; that it was made without his consent; and

Cook, Sargent & Cook v. Sypher.

that it was never his verdict. The motion was then sustained, verdict and judgment set aside, new trial ordered, and cause continued. From this order, defendant appeals.

*Samuel A. Rice*, and *J. E. Jewett*, for the appellant, made the following points :

1. The granting a new trial, is not a mere arbitrary right in the court granting the same, but a legal discretion is to be exercised, which is open to review. 2 Graham & W. on New Trials, 46 ; *Prest, &c., Brooklyn*, v. *Patchen*, 8 Wend. 47 ; *Hudson et al.* v. *Williamson*, 1 South Car. Const. 360 ; *Jourdan* v. *Reed*, 1 Iowa, 135.

2. The affidavits of jurors to impeach their verdict, are not allowed. *Burns* v. *Paine*, 8 Texas, 159 ; *Bishop* v. *State*, 9 Georgia, 121 ; *Norris* v. *State*, 3 Humph. 333 ; *State* v. *Freeman*, 5 Conn. 348 ; *Dana* v. *Tucker*, 4 Johns. 487 ; *Cluggage* v. *Swan*, 4 Binney, 150 ; *Cochran* v. *Street*, 1 Wash. 78 ; 3 Graham & W. on New Trials, 1428.

3. A new trial will not be granted upon the affidavit of a juror, that he did not assent to the verdict. *Luttrell* v. *Day*, 1 Murphy, 94 ; *State* v. *Doan*, R. M. Charlt. 1 ; *Johnson* v. *Davenport*, 3 J. J. Marsh. 390 ; 3 Graham & W. on New Trials, 1441.

*Curtis Bates*, for the appellee.

WRIGHT, C. J.—It was held, in the case of *Stewart* v. *Ewbank, Ante*, 191, that the decision of the District Court in granting or refusing a new trial, might be reviewed in this court. In that case, the order granting a new trial by the court below, was reversed, and the cause remanded, with directions to the court below, to enter judgment on the verdict. Such orders, depending as they do, in many instances, upon the discretion of the court trying the cause, should be reviewed with great caution, but the power to review is fully recognized by the foregoing case, as well as many others therein cited. The question in this case, then is, whether this discretion was properly exercised? And this depends

upon the further question, whether the affidavit of the juror could be received *to impeach* the verdict? The Code provides, that in applications for new trials, the affidavits of jurors may be taken, and used in relation thereto. Section 1810. Under this section, can a party be allowed to use such affidavits to *impeach* the verdict, for the causes in this affidavit stated? We think, this provision was only designed to declare the law as more recently settled by the adjudications of the English, and many, and we may say most, of the courts in this country; but was not designed to introduce the dangerous practice of allowing jurors to impeach their own verdicts, to the extent here attempted. The settled rule, independent of the Code, we understand to be, that such affidavits may be received in *support* of the verdict, or for the purpose of enforcing it, but not to *impeach* it. The objections to the use of such affidavits to impeach, are forcibly stated in the case of *Willing* v. *Swasey*, 1 Brown, 123; and we need do no more than make the following extract therefrom: "It (such an affidavit to impeach) ought to be rejected, because it tends to defeat the juror's own solemn act under oath, where third persons are interested. It ought to be rejected, because its admission would open a door to tamper with jurymen, after they had given their verdict; it ought to be rejected, because it might be the means, in the hands of a dissatisfied juror, to destroy a verdict at any time, after he had assented to it; in fine, it ought to be rejected, because it would unsettle all the verdicts in the country." And this same view is sustained by the following cases, as well as by numerous others. *Vaire* v. *Delaval*, 1 Term Rep. 11; *Owen* v. *Warburton*, 1 New Rep. 326; *Dana* v. *Tucker*, 4 Johns. 487; *The People* v. *Columbia Common Pleas*, 1 Wend. 297; *Basley* v. *Chesapeake Ins. Co.*, 3 Gill & Johns. 473; *Blader* v. *Cockey*, 1 Har. & McHen. 230; 1 Graham & Wat. on New Trials, 111 to 116; *Lloyd* v. *McClure*, 2 G. Greene, 139.

The Code recognizes the right of a party to have the jury polled, at the time the verdict is rendered. And so any juror might then state, without inquiry, that he did not consent to such verdict. But when he leaves the box, he should no

longer be allowed to aver that the verdict was not volunta-rily rendered. And the circumstances of this case, tend strongly to show the impolicy of allowing such affidavits. An application for a new trial was made and overruled, on the day of the rendition of the verdict. On the next day, this affidavit is produced, and the motion again urged. In the meantime, the jury has separated; ample opportunity has been afforded to appeal to the juror's feelings and pre-judices; to work upon his natural commiseration for the los-ing party; to appeal to his desire in some way to apologize for the performance of his unwelcome duty; and, indeed, in various methods, to induce him to unsettle the litigation, which was in effect terminated by the verdict. If this could be allowed one hour or one day after he had left the box, why not within a week or month, if the term shall last so long. It appears to us, there would be no end to the evil and dangerous consequences resulting from the rule adopted by the court below. The affidavit was improperly received, and the cause will be reversed, with instructions that the judgment on the verdict remain undisturbed.