## RUBLE *v.* McDONALD.

A motion to set aside a verdict and grant a new trial, is addressed to the sound discretion of the court trying the cause; and the appellate court will not interfere with the order granting or refusing a new trial, unless it is manifest and apparent that the discretion conferred upon the inferior court has been improperly exercised.

To justify the interposition of the supreme court, where a new trial has been granted, a stronger case should be made than where the application for a new trial has been overruled.

Where the ruling of the court below upon an application for a new trial, is made upon a legal proposition, the decision will be reviewed with the same freedom, whether the new trial was granted or refused.

When a decision is made in view of the facts and circumstances as they transpired on the trial, and the court below, in the exercise of its discretion, upon the facts, has granted a second trial, the case should be clear and strong, showing an abuse of this discretion, to warrant the interference of the appellate court.

The affidavits of jurors, for the purpose of showing the manner of arriving at a verdict, are admissible.

A verdict, the result of drawing lots, or ballotting, is bad.

*Appeal from the Clinton District Court.*

FRIDAY, OCTOBER 22.

TRESPASS. Trial and verdict for defendants. Motion to set aside verdict, and for a new trial—*First:* Because of the misconduct of the jury; *Second:* On account of newly discovered evidence. Motion sustained, and defendants appeal.

*J. Grant,* for the appellants.

*Leffingwell & Cotton,* for the appellees.      :

WRIGHT, C. J.—The motion was first submitted upon the ground of the alleged misconduct of the jury. An opinion was intimated in favor of the motion, when the attention of the court was directed to the case of *Cook* v. *Sypher,* 3 Iowa, 484. The question was then taken under

further advisement. Plaintiffs thereupon assigned as an additional cause, newly discovered evidence. The motion was finally sustained upon both grounds.

The rule is, that such motions are addressed to the sound discretion of the court trying the cause; that this is a legal discretion, however, and is to be legally and properly exercised; and finally, that this court will not interfere with an order granting or refusing a new trial, unless it is manifest and apparent that this discretion has been improperly exercised. 1 Iowa, 135, 504; *Powell* v. *Grimes,* 8 Ind., 252; *Findley* v. *David, ante* 3.

It has been doubted whether the order of the district court granting a new trial, could be reviewed in this court. That question has been settled, however, by the cases of *Stewart* v. *Eubank,* 3 Iowa, 191, and *Cook, Sargent & Cook* v. *Sypher,* 3 Iowa, 484. But while the right is recognized in these cases, we deem it proper to add, that a stronger case should be made to justify the interposition of this court, where the new trial was *granted,* than where it was *refused.* Where the ruling below upon such an application is made, upon a legal proposition, we would revise it with the same freedom, whether the new trial was given or refused. But when made, in view of the circumstances and facts as they transpire on the trial— where the court below, in the exercise of its discretion upon the facts—has *granted* a second trial, the case should be quite clear and strong, showing an abuse of this discretion, before we would interfere.

Acting upon these rules, we cannot say that the new trial, in this case, was improperly granted. The affidavits of the jurors tend very strongly to show, that the verdict was arrived at by the drawing of lots, or ballotting, and that a portion of them, at least, pledged themselves in advance, to be bound by the result. The right to use such affidavits, for the purpose of showing the manner of· arriving at a verdict, is held in *Manix* v. *Malony, ante* 81. See, also, 5 Graham & Waterman on New T., 1447. A verdict thus obtained, is bad. Had the court below refus-

ed a new trial, we should not have interfered, in. as much as the counter affidavits of the jurors leave it in doubt, as to what did take place during their deliberations. Having granted it, however, we feel equally clear in declining to interfere.

Judgment affirmed.