## The State of Iowa *v.* Douglass.

An indictment under section 1693 of the Code, which provides that if any person knowing himself not to be qualified, vote at any election authorized by law, which avers when the election was held—what officers were then to be elected—and that such election was authorized by law—sufficiently shows that the election was held by the proper and legal officers.

To charge in an indictment, that the defendant voted at an election authorized by law, then and there holden, includes the further idea that it was held by the proper officers.

An indictment for voting at a legal election, the party knowing that he was not qualified, need not show how the defendant was disqualified ; and under it, any disability may be shown, or the state may prove from the admissions of the defendant, or otherwise, that he knew he was disqualified, and that he was in fact disqualified, without proving in what the disqualification consisted.

Where a written instrument is improperly admitted in evidence, for the want of proof of the signature of the parties, or the like, and the party offering the same, subsequently supplies the omission, the error is cured, and the party against whom the evidence was admitted, is not prejudiced.

Where three days after the rendition of a verdict, the defendant, in support of his motion in arrest of judgment, and for a new trial, offered the affidavit of one of the jurors, that the verdict was never assented to by him ; *Held*, That the affidavit was inadmissible.

*Appeal from the Johnson District Court.*

FRIDAY, DECEMBER 17.

The indictment charged that the defendant did, on the 13th day of October, 1857, at, &c., and at an election then and there held, as authorized by law, for the election of Governor, &c., vote, knowing himself not to be qualified. A demurrer to the indictment was overruled. Exceptions were taken to the introduction of certain testimony. A motion in arrest, and for a new trial, was overruled, and the prisoner sentenced to be imprisoned in the county jail.

*Templin & Fairall*, for the appellant.

*S. A. Rice*, (Atty. General), for the State.

WRIGHT, C. J.—The errors assigned are : *First.* That the court erred in overruling the demurrer ; *Second.* In admitting certain testimony ; *Third.* In overruling the motion for a new trial, and rendering judgment upon the verdict. The points in the demurrer, insisted upon in the argument, are : *First.* That the indictment does not show that the election was held by the proper and legal officers ; and, *Second.* That it does not state the manner in which defendant was disqualified.

The indictment charges when the election was held ; what officers were then to be elected; and that such election was authorized by law. Without this latter averment, this court knows that the election named was authorized and required by the constitution. Any further or other averment in this respect, was unnecessary. To say that defendant voted at an election authorized by law, then and there holden, includes the further idea that it was held by the proper officers. The plain and reasonable construction of the language is, not only that the election held that day throughout the state, was authorized ; but that the polls at which defendant voted, were opened, and the elec-

tion conducted by the properly constituted officers.    Otherw'se, the proceedings could not have had the authority of law.

The offense charged is punishable under section 2693, which provides that if any person knowing himself not to be qualified, vote at any election authorized by law, he shall be punished, &c.  It will be observed that the indictment follows the language Code.  The charge is, that he voted, knowing he was not qualified.  The two next sections define other offenses against the right of suffrage, and affix heavier penalties.  Under sec. 2695, the person charged must wilfully vote, and be laboring under some one of the disabilities named therein.  An indictment under that section, must point out, and name the disability.  The essence of the offense in this case is, that the defendant voted, knowing that he was disqualified.  Under it, any disability might be shown; or the state might prove from the admissions of the defendant, or otherwise, that he knew he was disqualified, and was in fact disqualified, without proving in what the disqualification consisted.

The state produced the abstract of the votes of the election at which defendant voted, and proved by the county judge its genuineness.  It was objected that this abstract was received in evidence, without proof that the persons whose names are attached as the officers of the election, were the acting judges of the election.  Granting that such proof was necessary, and that the paper went to the jury improperly, for want of this proof, all possible prejudice is removed, from the fact that, immediately after this, the state proved that the persons who signed the abstract, were the judges of the election, and that the witness was present when the defendant, whose name appears on the abstract, voted.

One ground of the motion in arrest and for a new trial, was that the verdict was never assented to by one of the jurors.  To prove this, the affidavit of the juror was filed, three days after the rendition of the verdict.  This affida-

vit was clearly inadmissible, under the rule laid down in *Cook et al.* v. *Sypher*, 3 Iowa, 484.

The main ground of the motion is, that the verdict was contrary to the evidence. Sitting as a jury in the court below, we incline to the opinion, that we should not have found this verdict. We cannot, however, say that it is so far against or contrary to the evidence, as to justify us in ordering a new trial.

Judgment affirmed.