## RILEY v. MONOHAN.

1. **New trial: EVIDENCE NOT UNDER OATH.** The fact that a witness who gave material testimony in behalf of the party calling him, was not sworn, does not entitle the adverse party as a matter of right to a new trial, when it is not shown but that he or his attorney knew of the omission before the verdict was returned.

2. —— An affidavit in such case by the attorney that he did not ascertain that the witness was not sworn until after the jury had retired to consider their verdict, but containing no statement that it did not become known to him before the jury returned their verdict, is insufficient to justify the ordering of a new trial.

3. —— **REVIEW OF ACTION OF COURT BELOW: DISCRETION.** Whether the party applying therefor was entitled to a new trial under such showing, is purely a matter of law and not of discretion, and the action of the District Court therein will be reviewed with the same freedom and upon the like principles as its ruling upon any other question of law.

*Appeal from Keokuk District Court.*

MONDAY, FEBRUARY 1.

NEW TRIAL: EVIDENCE NOT UNDER OATH: REVIEW OF ACTION OF COURT BELOW, ETC. — Action for an alleged fraudulent warranty by the defendant respecting a horse by him traded to the plaintiff. Answer in denial. The jury returned a verdict for the plaintiff. The defendant moved for a new trial, upon two specific grounds, and none others, to wit: First, because the court erred in its instructions to the jury; second, because the plaintiff's

wife was called and examined as a witness for him, without being sworn.

The motion was overruled by the court as to the first ground above stated. It was sustained upon the express and only ground " that Bridget Riley (plaintiff's wife) was examined as a witness for plaintiff, without being sworn, she being the only witness examined who was not sworn." The bill of exceptions further states that the motion was sustained for the reasons set forth in the affidavits of Mr. Mackey, and others, for the defendant, and after the affidavit of Mr. Woodin was filed for the plaintiff. Four persons made an affidavit to the effect that Mrs. Riley " was not sworn, and gave in her testimony without being under oath," stating no other facts. Mr. Mackey, attorney for the defendant, stated in his affidavit, that Mrs. Riley was examined as a witness for the plaintiff, and that " he did not ascertain the fact that she was not sworn, until after the jury had retired to consider of their verdict." Mr. Woodin, attorney for the plaintiff, made an affidavit that " the defendant was present all the time at the trial, from the commencement to the close of the arguments, and sat, all of the said time, beside his counsel." There were no other affidavits filed, and the motion of the defendant for a new trial was decided upon the above, and none others. The plaintiff excepted to the ruling of the court sustaining this motion, and appeals.

*G. D. Woodin* for the appellant.

*C. H. Mackey* for the appellee.

DILLON, Ch. J.—No motion was made for a new trial, on the ground that the verdict was against the evidence. So 1. NEW TRIAL: far as the motion was based upon alleged erro-evidence not under oath. neous instructions it was overruled, and no

exceptions taken. The motion was sustained, upon the sole ground that the failure to have sworn a witness who gave evidence for the plaintiff, entitled the unsuccessful defendant, as *a matter of law*, and, under the circumstances, to a new trial.

That the witness was not sworn is not a disputed fact. As the motion was sustained by the court below, and the testimony of the witness is not in the record, it is the duty of this court to presume that the evidence was material in its character, and unfavorable to the defendant. It is also an undisputed fact, that the defendant, though present during the whole trial, failed to show to the court that he did not know that the witness had not been sworn. He is wholly silent upon this point. His attorney, it is true, did not know that the witness had not been sworn until after the *jury had retired.*

It is to be presumed, that, in framing these affidavits, the defendant's attorney stated the facts as strongly for his client as the truth would permit.

If he discovered, at any time before the jury had returned their verdict, that the witness had not been sworn, he should, to entitle him to a new trial on this ground as a matter of right, have notified the court thereof, if in session, to the end that it might have recalled the jury, and, if necessary, had the witness reproduced or examined under oath, or other proper steps taken to prevent a mistrial. The defendant's attorney did not negative the fact that he may have made this discovery before the verdict was returned, and his statement, that he did not learn this fact until after the jury *had retired,* favors the notion (in view of the strict construction which affidavits of this character should receive) that he was aware of the fact before the verdict was returned.

As the defendant was present in person during the trial, and made no showing of his ignorance of the fact

that the witness was not sworn, and as the attorney failed to negative the fact of a like ignorance on his part down to the time the verdict was returned, we are of opinion that the District Court ought to have overruled the motion for a new trial. *Paries* v. *The State*, 4 Ohio St. 234; *Eastman* v. *Wight*, id. 160; *Slaughter* v. *Wheelock*, 12 Ind. 338.

The appellee's attorney has argued, that, as the District Court was familiar with all the circumstances of the case, and granted the motion, this court ought not to overrule the action of that court; no abuse of its discretion being shown. The rule alluded to has no application to such a case as the present.

3. —— review of action of court below: discretion.

Whether the defendant was entitled to a new trial upon the grounds upon which it was granted was a matter of law purely, and not of discretion, and the action of the District Court will, in such cases, be reviewed with the same freedom and upon the like principles as its ruling upon any other question of law. *Stewart* v. *Ewbank*, 3 Iowa, 191; *Shaw* v. *Sweeney*, 2 G. Greene, 587; *Ruble* v. *McDonald*, 7 Iowa, 90; *Shepherd* v. *Brenton*, 15 id. 84, 90, per WRIGHT, J.

The judgment of the District Court is reversed, and the cause remanded with directions to overrule the motion for a new trial on the ground on which it was sustained.

