## HURTERT v. WEINES.

1. **Slander:** EVIDENCE. Where the only witness for the plaintiff in an action for slander to prove the slanderous words was a German unacquainted with the English language, the court refused to disturb a judgment for the plaintiff upon the ground that it was not shown but that the words were spoken in English, which the witness did not understand, when it did not appear that the words were spoken in his presence alone, and he distinctly testified that he understood them himself.

2. **New trial:** JURY. There is no error in the action of the court in refusing a new trial on the ground that one of the jurors sat in a previous trial of the case, when it is not shown that the attorneys of the applicant as well as the applicant himself were ignorant of the fact until after the return of the verdict and the discharge of the jury; especially where it does not appear that any inquiries were made of the juror before he was impaneled and sworn, and the record entry states "that both parties consented to the jury."

*Appeal from Buchanan Ditrict Court.*

TUESDAY, APRIL 27.

SLANDER : PRACTICE : JUROR. — The petition alleges that " the defendant, in the presence of sundry persons, did speak of and concerning the plaintiff to one Wearich, the following false and scandalous words," stating them as found on the trial.

Answer—in denial.

Trial—resulting in a verdict for the plaintiff. Defendant excepted to the refusal of the court to give certain instructions and to its action in overruling a motion for a new trial. The record does not purport to contain all of the testimony. Respecting the evidence, the bill of exceptions certifies " that the testimony in this cause was given by one J. Wearich ; that the witness was a German and could not speak or understand the English language ; that his evidence was given through an interpreter who

interpreted the same to be that defendant said to this witness, "I know Hurtert (plaintiff). He is a thief. He stole my lumber and I saw the boards in his shop." There was no evidence to show in what language the words were spoken."

Defendant asked the court to instruct the jury.

1. "That plaintiff must prove that the words were spoken in a language understood by the person spoken to, or the bystanders."

2. "That where no allegation is made to the contrary, it is presumed they were spoken in English."

3. "If spoken in English to a person who did not understand that language, the plaintiff has failed to prove his case."

Refused because contrary to agreement in open court, at a previous term.

What this agreement was does not otherwise appear. After the verdict, the defendant made a motion for a new trial on the ground that one of the jurors had sat in a previous trial at which the jury did not agree. The only affidavit in support of this motion is that of the defendant in which it is stated simply that he (the defendant) "did not know this fact at the time of the second trial; that said juror did not disclose the fact until after the verdict was rendered and the jury discharged. Motion for new trial denied. Judgment on the verdict. Defendant appeals.

*D. S. Lee*, with whom *Shiras & Van Duzee*, for the appellant.

*James Jamison* for the appellee.

DILLON, Ch. J. — In his written argument the appellant's

1. SLANDER: evidence. point upon the instructions is thus put:

"The testimony shows that the only party in whose presence the words were spoken is a foreigner, and can-

not understand the English language. It does not appear that any damage was caused to plaintiff, because it is not shown that the witness understood the words used. Appellee well knew that defendant spoke in German when addressing the witness. If so, then plaintiff should have so alleged in his petition."

We remark, first, that the testimony, while it shows that Wearich (the only witness) was present, does not show that the words were spoken in his presence alone.

We observe, second, that it does appear that the witness did understand the words. He distinctly so testifies.

Not resting upon the ground on which the court refused the instructions, the other ground of objection, viz : that it ought to have been alleged that the words were spoken in German, is only made out by inference, and is too unsubstantial in its character to justify a reversal of the judgment under the circumstances appearing in this record.

II. There was no error in the action of the court in refusing a new trial on the ground that a juror had sat at a previous trial. There was no showing negativing knowledge of this fact on the part of the defendant's attorneys (*Riley* v. *Monohan*, 26 Iowa, 507), and no statement that any inquiries whatever had been made of the juror before he was impaneled and sworn. Besides, the record entry states " that both parties *consented* to the jury."

The affidavit of the defendant does not negative the presumptive waiver of the objection, nor show sufficient diligence in impaneling the jury to make such objection available after verdict as the basis of a right to a new trial. *Stewart* v. *Eubank*, 3 Iowa, 191, 194, and cases cited ; *Riley* v. *Monohan*, *supra*.

Affirmed.