Miller, J.
It has been frequently held by this court, that we will not reverse an order of the court below granting a new trial, unless it is made clear from all the evidence in the case that manifest injustice has been done, or that the discretion of the court below has been abused. A stronger case should be made to justify the interposition of the appellate court, when a new trial has been granted than when it has been refused. Ruble v. McDonald, 7 Iowa, 90 ; Newell v. Sanford, 10 id. 396; Schumaker et ux. v. Gelpcke, 11 id. 85; McKay v. Thorington, 15 id. 25; Burlington Gas Light Co. v. Green, Thomas & Co., 21 id. 335; Sanders v. Clark, 22 id. 275; Chapman v. Wilkinson, id. 541; White v. Poorman, 21 id. 108. *518 And in the last case cited the court says: that one very patent reason for requiring that a stronger case should be made where a new trial is ordered than where it is refused, is, that by the former order another opportunity is afforded for a full and fair investigation of the rights of the parties. Upon an examination of the evidence we do not find such a clear and manifest preponderance of evidence in favor of the verdict as would justify us in interfering with the order granting a new trial. On the other hand, the evidence was conflicting, and had the court refused to grant a new trial we should'not have felt authorized to disturb the ruling. However we might be inclined to find from the evidence in the record, there is evidence in support of the verdict, and the court below, before whom the cause was tried, having the witnesses before it, with facilities superior to those afforded to us for determining the true weight of the evidence, has, in the exercise of its sound discretion, granted a new trial. We find nothing in the record to' satisfy us that there has been any abuse of discretion.
Affirmed.