IN THE MATTER OF JOHN HICKS AND JOSHUA HICKS.

Motion to dismiss a case made from the Oakland Circuit.

O. F. Wisner moves to dismiss the cause for want of jurisdiction on the ground:

1. It purports to be a case made after judgment, for review upon the facts, and the record shows that the case was made since the statute was passed, taking from this Court the right to review upon the facts.

2. No exceptions to the finding of law of the Court below appear from the record to have been taken.

M. E. Crofoot, contra.

———————◆———————

## In the matter of John Hicks and Joshua Hicks.

*Powers of the Supreme Court: Habeas Corpus: Writ of error.* The Supreme Court has power to review, by writ of error, any final judgment of a Circuit Court rendered in a proceeding according to the course of the common law. The writ of *habeas corpus* is such a proceeding, and a final determination thereon in a Circuit Court is a judgment which may be reviewed in this Court by writ of error.

*Heard April 5. Decided April 8.*

20 MICH.—Q.

Motion to dismiss a writ of error.

The writ of error issued to the Circuit Court of Ionia, to bring up the record of the proceedings in that Court, by which John Hicks and Joshua Hicks were discharged by *habeas corpus* from arrest on a *capias* issued in a civil action.

*Dodge & Hutchinson,* for the motion.

I. The decision of the Circuit Court on the *habeas corpus,* and the discharge of the petitioners, is final, and from that decision no appeal or writ of error lies. This is a general principle of the law, from which there is no exception, unless by special legislation.—*Hurd on Hab. Cor., 185; 9 John, 139; 5 How. 103; 8 Mod. 27; 6 John. 429; 6 McLean, 260; 32 Ill., 454; 6 John., 439.*

There is no judgment pronounced in a case of *habeas corpus,* or in anything relating thereto, and, therefore, a writ of error will not lie in any proceeding on a *habeas corpus,* and the almost unbroken current of American courts is to the effect, that independently of statutory provisions, a review of a decision on *habeas corpus* cannot be had by error or appeal.—*4 Gill., 304; 5 Ala., 18; 9 Miss., 690; 2 Cal., 424; 18 Mich., 79; 5 Mich., 225; 6 Mich., 48.* See specially—*Hurd on H. C., Chap. XI.*—There has been no legislation in this state authorizing appeal, or writ of error, from decisions on *habeas corpus;* therefore, this writ should be dismissed.

But there is still another reason why this Court cannot review this decision by this writ, or in another manner These petitioners have been once discharged from custody, and they cannot be imprisoned, or restrained, or kept in custody again for the same cause, either by the order of this Court or any other, ( *C. L.* § *5250,* ) unless by a new and legal writ.

IN THE MATTER OF JOHN HICKS AND JOSHUA HICKS.

*Newberry, Pond & Brown,* contra.

The motion raises the question whether a writ of error will lie to review the adjudication of an inferior court upon a writ of *habeas corpus.* The statute *Comp. Laws,* § *5332,* provides that writs of error may issue, of course, upon " any final judgment or determination." A subsequent section, 5345, provides for writs of *certiorari,* " to correct errors in proceedings that are not according to the course of the common law." In practice, writs of *certiorari* are also limited to final adjudications. As between the two remedies then, the main question is whether the writ of *habeas corpus* is a proceeding according to the course of the common law. Blackstone speaks of it as " a high prerogative writ, and therefore, *by the common law,* issuing" in vacation as well as in term.—*3 Black. Com. p. 131.*—In *Rex. v. Cowle, 4 Burr., 856,* it is spoken of as in common use in the reign of Elizabeth. And from Vine's case, 34 H. 6, it appears to have been well understood by the judges in the time of Henry VI. Mr. Hurd, in his work upon *habeas corpus,* gives a brief history of the writ, and regards it as existing from a time " whence the memory of man runneth not to the contrary." *Page 143 to 148.* Hallam supposes it to have been used before *Magna Charta.* From being merely a writ of privilege, the act of Charles II. made it a writ of right.

The nature of the relief sought, requires that the proceedings upon this writ should be summary, but they are substantially analogous to an ordinary suit at law. The return is a declaration, which may be demurred to, or traversed, precisely as in an action of *assumpsit.* In all, or nearly all the cases cited in this brief, where appellate jurisdiction has been exercised, a writ of error was the remedy employed, unless the practice had been modified by statute, and in none where it was declined, was the refusal placed upon the ground that *certiorari* was the proper writ. It only re-

mains to consider, then, whether the decision of the Court in this proceeding, is a final adjudication. It undoubtedly puts an end to the case, although, under certain circumstances, the parties may be re-arrested.

We submit reference to all the decisions upon this point we have been able to find. *Hurd on Habeas Corpus, 562 to 570 ; The City of London, 8 Coke, 121; The King v. Trinity Chapel, 8 Mod., 28 ; Regina v. Paty, 2 Salk., 503; Ex parte Yates, 6 Johns., 387 ; In re Negus, 10 Wend. 38; Russell v. Commonwealth, 1 Penn., 82 ; Commonwealth v. Jones, 3 S. & R. 158 ; Jones v. Timberlake, 6 Rand., 680 ; Bell v. The State, 4 Gill 301; Steele v. Shirley, 9 S. & M. 383 ; Howe v. State, 9 Mo., 682; Ex parte Mitchell, 1 La., An., 413 ; Ex parte Lafonta, 2 Rob. Lou., R. 495 ; Ex parte Perkins, 2 Cal., 430 ; Livingston v. Livingston, 24 Geo., 379; Linn v. The State, 3 Ind., 293 ; Holmes v. Jennison, 14 Pet. 540 ; Ableman v. Booth, 21 How., 506 ; Hammond v. The People, 32 Ill., 446 ; In re Eliza Weinrich, 20 Mich., 14 ; Ex parte Robinson, 6 McLean, 360 ; Walton v. Gatlin, 1 Wins., N. C. 318.*

In none of the above opinions is the power to issue writs of error discussed at any length, except in those of *Yates, 6 Johns 387 ; Holmes v. Jennison, 14 Pet. 540 ; Hammond v. The People, 32 Ill., 446, and Walton v. Gatlin, 1 Wins. (N. C.) 318.* In all these cases, except Hammond's, the power of a review was sustained by a divided Court, and we submit the weight of authority, as of reason, is decidedly in favor of the jurisdiction.

GRAVES, J.

This is a motion to dismiss a writ of error.

In October last, the Fulton Iron and Engine Works, as plaintiffs, commenced a suit against Louis, John and Joshua Hicks, in the Circuit Court for the County of Ionia, by *capias,* and upon such writ the above named John and Joshua Hicks were arrested and confined in the jail of

Ionia County, for want of bail. Some short time thereafter, they were taken before the Court in which the *capias* was returnable, by *habeas corpus* from the same Court, and a hearing was there had upon a return to this last named writ, upon the legality of their detention under the *capias*. Upon that hearing the Circuit Court discharged the parties so brought up from their imprisonment under the *capias*, and the plaintiffs in the last named writ thereupon sued out a writ of error for the purpose of having the judgment of the Circuit Court on the hearing in the *habeas corpus* proceeding reviewed in this Court. The parties so discharged on *habeas corpus* now move to dismiss the writ of error upon several grounds.

*First.* They insist that the decision of the Court below on the *habeas corpus* and the discharge of the parties is final and not reviewable in any form.

We cannot accede to this view. The Constitution has vested this Court with a general superintending control over all inferior courts, and has clothed it with power to issue writs of error, *habeas corpus*, and other original and remedial writs, and we cannot doubt our authority to review by some mode, a decision on *habeas corpus* when made by a Circuit Court.

To conclude otherwise would detract from the natural meaning of the language of the Constitution, and in a manner to exclude jurisdiction in the very cases in which it is to be presumed the jurisdiction would be most essential. The power to review cannot depend upon the nature of the decision in the Court below, although the efficacy of the proceeding chosen to obtain that review may often depend upon it. Whether the party is discharged or remanded by the Court below, the question may and generally does involve the decision of his right to liberty, and we cannot suppose that the Constitution, when giving this Court authority to exercise a superintending control over inferior courts, intended to withhold from it the right to

revise the judgments of the Circuit Courts in cases of that kind.

*Second,* It is further urged in support of the motion, that a writ of error is altogether inappropriate on the ground that no judgment is pronounced in the proceeding by *habeas corpus.*

A writ of error is authorized upon a final judgment or determination of a court of record in a proceeding allowed by the common law. The writ of *habeas corpus* is such a proceeding, and it contemplates a regular hearing upon an issue of law or fact exhibited in writing.    Upon this issue the Court pronounces judgment, which the law requires to be formally entered of record.    This judgment is final and conclusive in that identical proceeding, since it puts an end to it altogether.    It is not necessary that a judgment should be a final determination of the rights of the parties to authorize a writ of error.    It is enough if it determine the particular suit. (*2 Burrill's Prac., 132* and cases cited.)

In New York the writ of error is authorized as in this state, upon "any final judgment or *determination,*" *2 R. S. 490,* and the Supreme Court of that state have held that it "will lie upon an award in the *nature of a judgment,* that is, any final or definitive sentence or decision, by which the merits of a cause are settled or determined; although such sentence is not *technically a judgment,* or the proceedings are not capable of being enrolled so as to constitute what is techically called a record." *2 Burrill's Prac., 133.*

We think the final decision upon *habeas corpus* in the Circuit Court such a determination as may give the right to a writ of error in order to review the ruling there made. But we do not wish to be understood as holding that it is the only or preferable remedy, or that it can be made at all· serviceable in certain cases, or sufficiently so in others.

Lastly, it is argued that the petitioners in the *habeas corpus* having been discharged from custody, they cannot be put in custody again for the same cause by this Court

or any other under the old *capias,* and that the proceedings by writ of error must therefore be totally ineffectual. We think we ought not to anticipate on this motion, those considerations which belong to the merits. The determination of the Circuit Court appears to have been of kind reviewable on error, but the return is not before us for investigation. When that return is before us, and not before, we may form an opinion respecting the extent and efficacy of the remedy which the plaintiffs in error have chosen.

For the present it is sufficient that the case appears to be one in which a writ of error is allowable, but whether the remedy selected will or will not prove beneficial to the plaintiffs in error, is a question which ought not to influence the result of this motion.

The motion is denied with costs.

The other Justices concurred.