### TEGELER & CO. v. JONES.

New trial: REVIEW OF ORDER. A stronger case should be made to justify the supreme court in disturbing the action of the court below in granting a new trial, than where a new trial has been refused.

*Appeal from Greene Circuit Court.*

THURSDAY, FEBRUARY 22.

ACTION upon a promissory note. Judgment for plaintiff for $351.60. Motion for a new trial sustained.

Plaintiff appeals. The necessary facts are stated in the opinion.

*Jackson & Potter* for the appellants.

*C. W. Lowrie* and *McDuffie & Hall* for the appellee.

DAY, J. — The defendant filed a motion for new trial as follows:

" The defendant moves the court for a new trial in this cause, on the following grounds, which he sustains by the affidavits of I. J. McDuffie, J. H. Dawson and O. R. Jones, hereto annexed.

First : For surprise in this, that the said defendant was informed by one of witnesses on the first day of said term, that his case had been continued until the second day of said term, and that he relied upon said statement and believed it to be true; and, in consequence of said statement being made to him, he did not attend court upon the first day of said term, and was surprised to learn that judgment had been rendered against him on said day." The record contains the following statement: " The court being in

session on the afternoon of the first day of the term, called all the cases set for hearing the first day, but finding none ready for trial, and in order, if possible, to force parties to trial, the cases were again called, the court assuring that, if parties were not ready, the case would be passed to the heel of the docket. The cases were again called, the case of *Tegeler & Co.* v. *O. R. Jones* being the fourth one, and one by one, the parties not being ready, were passed to the heel of the docket, the court entering a memorandum to that effect on his docket. All the cases set for hearing the first day having been reached for trial, the court then announced " that the entries passing the cases to the heel of the docket would be expunged, and the same was accordingly done, and then, the case being again reached, a demurrer filed herein was taken up, and the issues completed. The court then offered the defendant's attorney twice the time to get his client and witnesses that had expired since the cause was passed to the heel of the docket, but he declined, and the court proceeded to trial." In support of the motion the affidavit of McDuffie was filed as follows :

"I, I. J. McDuffie, being duly sworn, depose and say : That I am one of the attorneys for the defendant in the case of *C. Tegeler & Co.* v. *O. R. Jones ;* that I had the witnesses of defendant in said case subpœnaed, and that I was present in court on the first day of the term of said court, when said case was first called for trial; that I stated to the court that some of my witnesses were not present, and that the court, upon hearing said statement, ordered the said case to be passed to the foot of the docket; that soon after said order was made the court re-instated said case upon the docket, and called it for trial; that I was surprised by the case being called again on the first day of said term, as I had reason to believe, and believed, that it would be impossible to reach said case for trial on that day; that, in consequence of said belief, I made no effort to have the witnesses in said case present on the first day of said

term; that when said case was tried I was wholly unprepared for trial; that none of my witnesses were present; that I had no evidence to offer to rebut the testimony offered by said plaintiffs, and that judgment was rendered against said defendant. I further depose and say that I verily believe that the note sued upon in said action is illegal and void, and without valuable consideration, and that the judgment obtained upon said note is unjust, and that the said defendant has a good defense against said note, and that he can, if a new trial is granted, succeed in defeating said note, and that the said defendant is now ready for trial, and that he has been ready for trial since the morning of the second day of said term of court."

The affidavits of J. H. Dawson and of O. R. Jones, the defendant, were also filed in support of said motion. J. H. Dawson states that on the first day of the term he came to Jefferson as a witness for the defendant; and that as he was on his way to the court room he met Harrison Cochrane, who told him that the Jones case had been continued till Tuesday, and that upon hearing the said statement he went to the defendant's house and informed him that the case had been continued till Tuesday morning. O. H. Jones states that Dawson, one of his witnesses, came to his house and informed him that the case had been continued until Tuesday morning. That believing said statement he went to his farm and did not appear in court on the first day of the term; that he was present on the morning of the second day of the term, and ready for trial; that he has, as he verily believes, a good defense to said action, and can, as he believes, if a new trial is granted, defeat the note.

In opposition to the motion the affidavits of Harvey Potter, I. D. Howard and C. H. Jackson were filed, stating in substance that when the court rescinded the order putting said cause at the heel of the docket, the court informed the attorney for the defendant that he

Tegeler & Co. v. Jones.

would give twice as much time to get his client ready and prepare for trial as he had lost by being misled by the order. That the attorney for defendant announced to the court that he had seen his client that morning, and told him that he must be present punctually, as the case was one of the first on the docket; that he had tried to get him here and would make no further effort; that he had supposed the case passed; that the action has been twice continued, and was set for the first day of the term; that Jones is a resident of the town of Jefferson, and the west line of his farm is about one-half mile from the east side of the plat of Jefferson. That his store room is not to exceed one-eighth of a mile, and his residence not to exceed one-fourth of a mile from the court room.

We cannot say that the court erred in granting a new trial under the circumstances of the present case. The court below, cognizant of all the facts, had means, which we do not possess, of knowing to what extent the defendant might have been prejudiced by rescinding the order passing the cause to the heel of the docket, and setting it down for immediate trial. The motion for new trial was made on the second day after the judgment was entered, and the defendant expressed a willingness to go to trial immediately. The plaintiff would have suffered much less delay from such trial than he has already sustained by this appeal. The order granting a new trial invites investigation and affords an opportunity for showing the truth. Hence, a stronger case should be made, in order to justify our interposition, where a new trial has been granted than where it has been refused. *Ruble* v. *McDonald*, 7 Iowa, 90; *Newell* v. *Sanford*, 10 id. 396; *White* v. *Poorman*, 24 id. 108; *Shepherd* v. *Brenton*, 15 id. 84; *Chapman* v. *Wilkinson*, 22 id. 541; *Robinson* v. *Bacon & Strohm*, 24 id. 409.

We probably should not have felt disposed to interfere in the present case, if the motion for a new trial had been overruled.

But we feel much less. inclined to reverse an order granting a new trial, and opening the case for hearing upon its merits, inasmuch as such trial has not yet taken place.

Affirmed.