## THE PEOPLE v. WILLIAM STIMER.

*Verdict—Impeachment—Affidavits of jurors—Criminal law—Writ of error.*

1. Affidavits of jurors cannot be used to impeach their verdict.
    So *held*, where several of the jurors made affidavits that a verdict of guilty was rendered in a criminal case for the sole purpose of saving the county the costs of the prosecution, the complainant not having given security for costs.
2. A writ of error will not lie to review the order of the circuit court forfeiting a bond given on an appeal of a criminal case from justice's court, after a denial of·a motion to quash, no further proceedings having been taken in the case.

Error to Jackson. (Peck, J.) Argued June 12, 1890. Decided July 2, 1890.

Respondent was convicted of assault and battery, and appealed to the circuit court, where, after the denial of

motion to quash, his appeal-bond was forfeited, and before any further proceedings were taken he sued out a writ of error to review said proceedings. The facts are stated in the opinion.

*Dwight D. Root,* for respondent.

*B. W. Huston,* Attorney General, and *James A. Parkinson,* Prosecuting Attorney, for the people.

LONG, J. Complaint was made against the defendant for assault and battery on July 12, 1889, before a justice of the peace. On July 13 the cause came on for trial before a jury, who returned into court after being out for a time, and stated that they could not agree on account of the lateness of the hour. They were thereupon discharged by the justice, and on July 26 a new jury was called, who found the defendant guilty. This verdict was rendered on July 26, 1889, and thereupon, on the same day, the court sentenced the defendant—

"To pay a fine of $15, and $10 costs (and that he have twenty-four hours in which to pay the same), and, in default of payment of said fine and costs, to be and remain imprisoned in the Detroit House of Correction at Detroit for sixty-five days, from and including the 27th day of July, A. D. 1889."

The defendant took a general appeal from this conviction, and gave a recognizance in the usual form for his appearance in the circuit court for Jackson county on the first day of the next term thereof, and to prosecute his said appeal to effect. The proceedings were duly returned by the justice into the circuit court, whereupon, on September 10, 1889, a motion made in the cause, to quash the proceedings taken before the justice, came on to be heard before said court, and was denied. This motion was grounded upon the following reasons:

1. That said judgment was rendered on July 26, 1889, and the imprisonment was to begin at an indefinite time

in the future, being 24 hours after the time the judgment was rendered; that the time of rendition of judgment is not stated in the judgment, and the judgment is to run from and after July 27.

2. That the verdict on which said judgment was rendered is illegal and void, because the defendant was found guilty for the sole purpose of saving the county the costs of prosecution, and not because the jury believed him guilty.

The last proposition is supported by the affidavits of several of the jurors before whom the cause was tried in the court below, and who deposed that, after the jury had retired to the jury-room to consider of their verdict, one of the jurors opened the door of the jury-room, and asked said George W. Ford, the justice before whom the cause was tried, whether or not the party who made complaint in the cause had given security for costs, and was informed that the complainant had not given security for costs; and that then, at the balloting of the jury, some of the ballots were for guilty, and one not guilty; and after two ballots were taken with such results, one of the jurors—the one who had asked about the security for costs—said, in order to save the county the costs of prosecution, he would vote guilty, and the said juror did vote guilty, and the defendant was then found guilty. The only affidavits made upon this question come from three of the jurors. The court was not in error in overruling this branch of the motion. The affidavits of jurors cannot be used to impeach the verdict they have rendered. *Campbell v. Skidmore*, 1 Tex. 475; *Reaves v. Moody*, 15 Rich. Law, 312; *Breck v. Blanchard*, 7 Fost. (N. H.) 100; *Cook v. Sypher*, 3 Iowa, 484; *McCombs v. Chandler*, 5 Har. (Del.) 423; *State v. Douglass*, 7 Iowa, 413; *Davenport v. Cummings*, 15 Id. 219; *Ward v. State*, 8 Blackf. 101.

It is necessary, in the consideration of the other branch

of the motion, to note the time and circumstances under which it was made. A general appeal was taken to the circuit court from the conviction and the sentence pronounced by the justice, and recognizance given for the appearance in the circuit court for trial. The motion to quash the proceedings was denied, and the cause duly reached on the calendar for trial at the September term of the circuit court, 1889. This appeal, in effect, set aside the proceedings had in the justice's court, and the cause stood for trial in the circuit court *de novo*. The people, by the prosecuting attorney, announced the cause ready for trial, and the defendant was called, as well as his sureties, but came not; whereupon the recognizance was declared forfeited. The only entry in the cause after the denial of the motion appears, after the entitling of the court and cause and the date of entry, as follows:

"This cause being duly reached in the call of causes upon the calendar for trial at the present term of this court, and the people being in court by the prosecuting attorney ready for trial, and the defendant having been solemnly demanded to appear in court and answer a complaint on file against him in said court of assault and battery, and not having so appeared, and Abraham Raymond and James Boland, the sureties on the appeal-bond of the said defendant given herein, having been solemnly demanded to produce the body of the said defendant to answer as aforesaid, and not having so produced the body, it is ordered that the appeal-bond of the defendant given herein be, and the same is hereby, forfeited."

This is the only order entered in the cause. This case comes to this Court by writ of error. The claim is that the circuit court had no jurisdiction of the defendant, or of the proceedings, except to quash the proceedings and discharge the defendant.

It is claimed on the part of the people that the case is not properly in this Court, that error is not the proper remedy, and in this we think the Attorney General is

correct. The order made is not final. It is merely an order declaring the recognizance forfeited. No proceedings have been taken to enforce the forfeiture or collect the penalty of the bond, and no judgment has been rendered. The statute provides that—

" Writs of error in civil and criminal cases, upon any final judgment or determination, may issue of course out of the Supreme Court, in vacation as well as in term, and shall be returnable to the same Court." How. Stat. § 8678.

The order is not a final judgment or determination. The writ does not lie to review interlocutory decisions. The order does not terminate the suit or proceeding against the defendant, in whose favor the writ is issued in this proceeding. The case cited by counsel for defendant does not support the claim that a writ of error will lie to review these proceedings. In that case (*In re Hicks*, 20 Mich. 129) it was held that—

"The Supreme Court has power to review by writ of error any final judgment of a circuit court rendered in a proceeding according to the course of the common law. The writ of *habeas corpus* is such a proceeding, and a final determination thereon in a circuit court is a judgment which may be reviewed in this Court by writ of error."

There was no question in that case but that a final judgment in the proceeding had been rendered in the circuit.[1] In the present case no such judgment has been taken.

The writ of error must be quashed.

The other Justices concurred.

---

[1] See *People v. Fairman*, 59 Mich. 568, holding that the order of a circuit judge, discharging a prisoner brought before him in *habeas corpus* proceedings, is conclusive.